Oaks v. Jones.

---

## JOHN OAKS v. J. K. JONES.

1. REPORT OF REFEREE; *What it must state.* The report of a referee to the district court "must state the facts found and the conclusions of law separately."

2. ———— *Reviewing Report; Practice.* While the report of a referee is still pending undisposed of in the district court, neither party can bring the case to this court for the purpose of testing the sufficiency of the report.

*Error from Cherokee District Court.*

THE transcript filed in this case contains over two hundred pages. It contains the pleadings, an order granting a temporary injunction, the order of reference, the testimony taken by the referees, the depositions, and the referees' report. This "report" is a mere journal of proceedings, showing that the referees met July 9th 1872, adjourned from time to time until the 31st of July, (hearing evidence at each session,) and con-

cludes as follows: "Court met pursuant to adjournment, and having heard and canvassed the evidence said referees find as follows — for defendant, there being no cause of action." This "report" was filed with the clerk of the district court in August 1872; but what action was thereafter taken thereon in the district court, if any, is not shown by the transcript. The action was brought by *Jones*, as plaintiff, against *Oaks*, as defendant. *Oaks* brings the case here by petition in error, alleging therein that the district court, at the October Term 1872, set aside said report.

*W. M. Matheny*, for plaintiff in error:

1. The cause being referred to referees for *trial*, the referees had a right to *decide* all questions at issue in the action; and it was error for the district court to review such questions, and set aside the report.

2. The report of the referees was authorized by law; Civil code, § 291; and it was supported by the testimony.

3. The report was set aside by the court without any examination of the evidence taken by the referees, and without any legal cause being shown.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for malpractice in performing a surgical operation, brought by Jones against Oaks. The action was referred, by the consent of the parties, to three referees, who tried the case, and reported as the final result of their hearing and deliberations, as follows:

"Court [referees] met pursuant to adjournment, and having heard and duly canvassed the evidence, said referees find as follows — for the defendant, there being no cause of action."

This report seems to have been filed in the district court, but what then became of it the record does not show. Oaks (the defendant below, and in whose favor the report was made,) brings the case to this court and assigns, for error "that at the October Term 1872 of the district court of Cherokee county the court set aside the said report of said referees."

Now if it is true that the court did set aside said report, still the court did not commit any error by so doing. The statute requires that the referees in their report "must state the *facts found*, and the conclusions of law separately." (Code, § 293.) A general finding for the plaintiff, or "for the defendant," as in this case, is not of itself sufficient. The facts must be found specifically. Such a finding as the referees made in this case is not good under any law. It would not have been good under the old equity practice. The master in chancery was always required to find specifically. The question of the sufficiency of the report however, in this case is not before us. But we do not understand that the district court "set aside said report," as claimed by plaintiff in error. From the record filed in this court it appears that the report of said referees is still pending undisposed of in the district court. And while it is thus pending, neither party can bring the case to this court for the purpose of testing the sufficiency of the report. Especially the party in whose favor the report is made cannot bring the case to this court for such a purpose. The petition in error must therefore be dismissed.

All the Justices concurring.