<hr>

SAME v. SAME.

1. **Referee.** NEW TRIAL. A referee to whom a cause is referred to take testimony, and report to the court upon all the issues of fact and law, has no authority to grant a new trial.

2. ———. In case the decision of the referee is unsatisfactory, and a new trial is desired, the motion must be made to the court, as directed in the code of civil procedure, secs. 314 to 318, which alone has the power to grant it.

3. ———. Exceptions to the report, although proper practice in certain cases, as where it fails to cover all the issues submitted, or the conclusion drawn from the facts fo ind is unwarranted, and the like, cannot supply the place of a motion for a new trial for matters proper to be included therein.

4. ———. Where no exception is interposed to an order granting or overruling a motion for a new trial, the result is always deemed to have been satisfactory to the parties at the time, and they cannot afterwards be heard to complain.

MOTION for a rehearing of the preceding case.

LAKE, J.

By a reference made in the motion for a rehearing, we see that we were mistaken in saying that the motion for a new trial filed with the referee was not acted upon by him. He did, formally, overrule it. That fact, however, is quite unimportant, as it was a void act, he being without authority to order a new trial. That

power is wisely intrusted to the court alone, to be exercised in a proper case, on motion, after the report has been brought in. "A new trial is a re-examination in the same court after a verdict by a jury, *report of a referee*, or a decision by the court." Sec. 314, code of civil procedure. "The application for a new trial must be made at the term the verdict, *report*, or decision is rendered." Sec. 316, Id. "The application must be by motion, upon written grounds filed at the time of making the motion." Sec. 317, Id. "When the grounds for a new trial could not, with reasonable diligence, have been discovered before, but are dis-. covered after the term at which the verdict, *report of referee*, or decision was rendered, or made, the application may be made by petition, filed as in other cases, on which summons shall issue and be returnable and served," as in the commencement of an action. Sec. 318, Id. [Comp. Stat., 572, 573.]

These several provisions show conclusively, we think, that the granting of new trials is not one of the powers given to referees, but that the court alone can review decisions in this manner.

Doubtless there may be matters concerning the report of a referee prejudicial to a party not proper to be included in a motion for a new trial. These may be reached and brought to the notice of the court by exceptions filed to the report. But exceptions to the report cannot supply the place of a motion for a new trial for matters proper to be included therein. Maxwell's Pleading and Practice, 538, note 1. An exception to such report would be the suitable course to pursue where it fails to cover all of the issues submitted by the reference, or where the conclusion drawn from facts found is unwarranted, and the like.

As to the exception noted in the record, which appears to have been made on the twenty-seventh of

February, 1878, at the time the judgment was rendered, we repeat what was said in substance in the former opinion, that it is too indefinite to indicate with certainty to what it was intended to apply. The record shows that on that day the cause came on to be heard before the court upon the pleadings and the report of the referee; also the motion for judgment upon said report, and the exceptions of the defendant thereto; whereupon it was ordered that said exceptions be overruled, and the report confirmed. Thereupon, on consideration, *the court found* that the defendant was indebted to the plaintiff in the sum of $117.10, and interest from the fifteenth day of April, 1876. It was "therefore considered by the court that the said plaintiff recover from the said defendant the sum of one hundred and thirty-eight dollars and eighty-eight cents and its costs herein expended, taxed at $132.91." This is followed with this: "The defendant excepts."

The place of this indefinite exception, being as it is at the end of the paragraph containing the judgment, would seem to indicate an intention to apply it to that alone. The fact that *final* judgment may be reviewed without exception having been interposed at its rendition is of no special force against such presumption, when the practical fact is that such exceptions are almost always made to unsatisfactory judgments. If the exception were in fact made to one of the preceding orders, to that overruling the exceptions to the report, or to the one by which the court found the amount of the indebtedness, it should either have immediately followed that particular order, or have mentioned it in direct terms.

But, as we before held, the plaintiff in error is especially estopped from complaining of the judgment, on account of anything that preceded it, for the reason that all matters of complaint were addressed to the

court by the motion for a new trial, to the order over-
ruling which no exception was taken. Where no ex-
ception is interposed to an order granting or overruling
a motion for a new trial, which is not a final judgment,
the result is always deemed to have been satisfactory
to the parties at the time, and they cannot afterwards
be heard to complain. For these reasons the motion
for a re-hearing must be denied.

RE-HEARING DENIED.