# SUPREME· COURT,

## STATE OF KANSAS.

## JULY TERM, 1882.

PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE, } Associate Justices.
Hon. DAVID J. BREWER,

---

The City of Osborne v. Nettie V. Hamilton,.

1. Defective Sidewalk; *Personal Injuries; Recovery of Damages.* In an action against a city for damages alleged to have been caused by reason of a fall on a defective sidewalk, where the case is tried by the court and a jury, and the jury find generally in favor of the plaintiff and against the defendant, and also make special findings of fact clearly showing that the plaintiff was injured as alleged in her petition; that the sidewalk was defective; that the officers of the city had knowledge of the defect; that they were negligent in not putting the sidewalk in good condition; that the plaintiff had no previous knowledge of the defect, and that she "exercised ordinary care and prudence to guard against an accident at the time at which she is alleged to have fallen:" *Held,* That she may recover on such general verdict and special findings, notwithstanding the fact that the jury also found that the "plaintiff was in a position at the time of the accident that she could have knowledge of the alleged defect by exercising ordinary care and prudence;" that under the general verdict and special findings it will be inferred that the plaintiff did not have any actual knowledge of the defective sidewalk until she reached the same; and that then, by the exercise of ordinary care and prudence, she could have seen the same, and may perhaps in fact have seen the same; but that, nevertheless, she exercised reasonable and ordinary care and prudence to avoid injury from the same; and yet, in passing over it, she fell and was injured.

2. NEW TRIAL; *Motion Filed Too Late.* In such a case, where the defendant filed a motion for judgment upon the special findings of the jury immediately after the general verdict and special findings were rendered; and such motion was not heard or decided by the court until eight days after the verdict and findings of the jury were rendered, and it was then heard by the court and overruled; and immediately thereafter the defendant filed a motion for a new trial; and this motion was founded upon errors and irregularities occurring at and during the trial; and no reason was or is given for not filing the motion for a new trial earlier, except that the motion for judgment on the special findings of the jury was pending before the court undisposed of until the day on which the motion for the new trial was filed: *Held,* That the motion for the new trial was not filed within proper time.

### *Error from Osborne District Court.*

AT the December Term, 1881, of the district court, plaintiff *Hamilton* recovered a judgment against the defendant, the *City of Osborne,* which brings the case here. The opinion states the facts.

*Saxey & Barbour,* for plaintiff in error.

*R. G. Hays,* and *C. H. Finn,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Nettie V. Hamilton against the city of Osborne, for damages alleged to have been caused by reason of a defective sidewalk. The defendant demurred to the plaintiff's petition, which demurrer the court overruled. In this we do not think that the court below committed any error; but if it did, the defendant did not except to the ruling of the court. The defendant then answered, and the plaintiff replied; and upon these pleadings, (the petition, answer and reply,) the case was tried by the court and a jury; and on January 27, 1882, the jury found a general verdict in favor of the plaintiff and against the defendant, assessing the plaintiff's damages at $470; and, also, at the same time made special findings of fact. The defendant then moved for judgment in its favor upon the special findings of the jury, and on February 4, 1882, this motion

was overruled. The court below certainly did not err in overruling this motion, for besides the general verdict in favor of the plaintiff and against the defendant, the special findings would also seem to indicate that the plaintiff should recover in the action. The special findings clearly show that the plaintiff was injured; that the sidewalk was defective; that the officers of the city had knowledge of the defect, and that they were negligent in not putting the sidewalk in good condition. And the special findings also tend to show that the plaintiff exercised reasonable care and diligence on her part. They show that she had no knowledge of the defect prior to the injury, and that she exercised reasonable care and diligence at the time of the injury. One of the special findings is as follows:

" *Question:* Did the plaintiff exercise ordinary care and prudence to guard against an accident at the time at which she is alleged to have fallen? *Answer:* Yes."

There is one special finding, however, that has a tendency to show that the plaintiff did not exercise proper care and diligence. That special finding reads as follows:

"Q. Was plaintiff in a position at the time of the accident that she could have knowledge of the alleged defect by exercising ordinary care and prudence? A. Yes."

From all the findings, we may infer that the plaintiff did not have any actual knowledge of the defective sidewalk, until she reached the same; and then, by the exercise of ordinary care and prudence, she could have seen the same; and we may even conclude that she did in fact see the same, and have knowledge of the same. But, taking the other findings into consideration, we must presume that, although she then had actual knowledge of the defective sidewalk, she exercised reasonable and ordinary care and prudence to avoid injury from the same; but that in passing over it, she fell and was injured. In whatever light, however, we may view this one special finding last above quoted, we think we would still be required to hold that the whole of the special findings taken

1. Defective sidewalk; personal injuries; recovery of damages.

together, would not have required or even authorized a judgment in favor of the defendant below.

Immediately after the overruling of the defendant's motion for judgment upon the special findings of the jury, and on February 4, 1882, which was eight days after the verdict of the jury was rendered, and after their special findings were made, the defendant filed a motion for a new trial. This motion was founded upon errors and irregularities occurring at and during the trial; and no reason was given why the motion was not filed within three days after the rendering of the verdict of the jury, as required by §308 of the civil code. The plaintiff in error, defendant below, now says that the reason was, that the defendant did not wish to file its motion for a new trial until its motion for judgment upon the special findings of the jury had been disposed of; and, that such motion for judgment was not disposed of until February 4, 1882; and that the motion for the new trial was filed immediately afterward, and on the same day. We do not think that this is a sufficient reason. We think the motion was filed too late, and is in effect a nullity.

2. New trial; motion filed too late.

(*Hover v. Tenney*, 27 Kas. 133, and cases there cited. See also the cases following, cited in the brief of defendant in error: *Odell v. Sargent*, 3 Kas. 80; *Mitchell v. Milhoan*, 11 id. 617; *Nesbit v. Hines*, 17 id. 316; *Fowler v. Young*, 19 id. 150; *Lucas v. Sturr*, 21 id. 480; *City of Atchison v. Byrnes*, 22 id. 65; *Kerner v. Petigo*, 25 id. 652.)

The court below rendered judgment in favor of the plaintiff and against the defendant, upon the general verdict and special findings of the jury, for the sum of $470 and costs. We perceive no error in this; and therefore the judgment will be affirmed.

All the Justices concurring.