## GEORGE W. GRAYSON v. DAVID M. HINKLE.

REFEREE'S REPORT—*Motion to Set Aside, Too Late.* Where a referee in his report simply stated that upon the matters alleged in the pleadings he found that a certain sum was due from the defendant to the plaintiff, and that plaintiff was entitled to a judgment for such sum, and no exceptions were taken to this report, and the same was filed at one term of the court and a motion then made to confirm it, which motion was postponed to the next term, and at such term, more than three months after the filing of the report, the defendant for the first time made any objections thereto, and then only by a motion to set it aside on the ground that it failed to state the findings of fact and conclusions of law separately, *held*, that such motion was too late, and that the court did not err in overruling it, and in rendering judgment upon the report.

### *Error from Jefferson District Court.*

AT the October Term, 1881, the district court, in an action wherein *Hinkle* was plaintiff and *Grayson* defendant, overruled defendant's motion to set aside the report of the referee therein, confirmed the same, and gave judgment for the plaintiff. *Grayson* brings the case here. The opinion states the facts.

*D. H. Morse,* for plaintiff in error.

*Keeler & Gephart,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff filed a petition in three counts: the first for an accounting of certain partnership transactions, the second for money loaned, and the third for work and labor. Defendant answered with first, a general denial; and second, a counterclaim for board, lodging, and medical attention; and third, one for money loaned; and fourth, for money paid for the use and benefit of plaintiff. To these counterclaims a general denial was filed. The issues thus presented were referred to a referee for trial, who on June 24, 1881, made his report in writing, stating that he found that there was due to the plaintiff from the defendant, upon the matters alleged in the pleadings, the sum of $300, and that the plaintiff was entitled to a judgment against the defendant for that sum. No exceptions were taken by the defendant to this report. On the same day the plaintiff filed a motion to confirm the referee's report, and for judgment accordingly. This motion was not then taken up and disposed of, but was postponed until the October, 1881, term. At such term, and on October 14, 1881, the defendant for the first time made objections to this report, by filing a motion to set it aside on the ground that it failed to state separately the facts found and the conclusions of law thereon. This motion was overruled, the report confirmed, and judgment entered for the plaintiff. Defendant now alleges error, relying upon the case of *Oaks v. Jones,* 11 Kas. 443, which decides, following the code, (§ 293,) that a referee must state the facts found and the conclusions of law separately. The defendant was too late with his motion. It was not made within three days after the filing of the report, nor at the term at which it was filed. Hence within § 308, the application was made too late. Besides, the defendant had preserved no exceptions to the action of the referee. (*Grant v. Morse,* 22 N. Y. 323.) Therefore, without considering the effect of the general finding in the report, the judgment of the district court must be affirmed.

All the Justices concurring.