D. D. STREETER *et al.* v. M. WESTENHAVER.

1. REFEREE, *Findings of—Cannot be Reviewed Without the Evidence.* Where a party fails to preserve the evidence taken on the trial of a case before a referee, the court cannot review the finddings of fact made by the referee in order to determine whether they are supported by sufficient evidence, or whether they are contrary to the evidence.

2. ——— *Judgment on Report—Objections Waived by Failure to Except.* Where a case has been tried by a referee, and he has made his findings of fact and conclusions of law in writing and filed them with the court appointing him, and the court has rendered a judgment in accordance with the report of the referee, and the party against whom the judgment is rendered does not file any motion to set aside the report, or move for a new trial in said action, he thereby waives all objections to such report and to the judgment, and the judgment cannot thereafter be reviewed by an appellate court.

MEMORANDUM.—Error from Ford district court; A. J. ABBOTT, judge. Action for money overpaid on contract by D. D. Streeter and W. C. Bradbury against M. Westenhaver. Judgment for defendant. Plaintiffs bring the case to this court. Affirmed. The opinion was filed October 1, 1895.

The statement of the case, as made by JOHNSON, P. J., is as follows:

On the 29th day of October, 1887, the plaintiffs

filed their petition in the district court of Ford county,
Kansas, demanding judgment against the defendant
for the sum of $304, for money overpaid on contract
for grading road-bed on the Chicago, Kansas & Ne-
braska railway in Ford county in the months of July,
August and September, 1887.   On the necessary affi-
davit and undertaking, an order of attachment was
issued against defendant and his property seized in
attachment, but by stipulation between the parties,
the attachment was discharged.   On the 23d day of
November, 1887, the defendant filed his answer to the
plaintiff's petition.   On July 9, 1889, defendant filed
an amended answer and cross-petition, setting up that
he contracted with plaintiffs to grade one mile of road-
bed on the Chicago, Kansas & Nebraska railway in
Ford county, Kansas, near Kingsdown, designated as
"section 354;" that he fully complied with his con-
tract, and there was still a balance due him from
plaintiffs for such work the sum of $2,913.78; and
as a second cause of action against the plaintiffs, that
they were indebted to him in the sum of $144.80 for
money had and received by plaintiffs for the use and
benefit of defendant, and prays judgment against the
plaintiffs on the two causes of action for the sum of
$3,058.58.   To this answer and cross-petition the
plaintiffs for reply denied all the allegations of indebt-
edness to defendant.

On the 17th day of October, 1889, by agreement of
all the parties, this action was referred to one W. R.
Brown, referee, for the purpose of taking the testi-
mony and reporting findings of fact and conclusions
of law to the court.   The case was to be tried by the
referee on three days' notice by either party.   It was
tried before the referee at Dodge City, Kas., and after-
ward, on the 19th day of May, 1890, the referee made

his findings of fact and conclusions of law in writing, and reported the same to the court, and recommended that judgment be entered for the defendant against the plaintiffs for the sum of $761, with interest from the commencement of this action at 7 per cent. per annum, and for costs of suit. On the 19th day of May, 1890, the plaintiffs' attorney wrote a letter to the referee asking him to put in a general exception for plaintiffs to his report in order to save the plaintiffs' rights, so that they would not be entirely lost in the matter. The referee allowed this as a general exception to his report. On the 21st day of May, 1890, the defendant, by his attorney, filed his motion in writing asking the court to enter a judgment against the plaintiffs therein in accordance with the report of the referee filed in said action, and on the 23d day of May, 1890, the parties all being present by their respective attorneys, and the report of the referee coming on to be heard on the motion of the defendant for judgment in accordance with the findings and recommendations of said referee, the court thereupon rendered a judgment against the plaintiffs and in favor of the defendant in accordance with the findings and recommendations of the referee, to which the plaintiffs by their counsel excepted, and the exception was noted by the court. The plaintiffs were given 60 days to make and serve a case for the supreme court, and defendant given 10 days to suggest amendments thereto; the case-made to be settled on five days' notice. No case was made, but the plaintiffs bring the case to this court on a certified transcript of the pleadings and the report of the referee.

*Charles H. Toll*, and *D. V. Burns*, for plaintiffs in error.

*John N. Ives*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. : This action was commenced by the plaintiffs in the district court of Ford county to recover from the defendant the sum of $304, money overpaid by plaintiffs to him for work done as subcontractor in the construction of one mile of road-bed on the Chicago, Kansas & Nebraska railway in Ford county, Kansas, in 1887. An order of attachment was issued at the commencement of the action and defendant's property seized by the sheriff, but the attachment was afterwards discharged by agreement of the parties. The defendant filed an answer to the petition of the plaintiffs, denying any indebtedness to them, and also a cross-petition demanding judgment against the plaintiffs for the sum of $3,058.58, as a balance due for work done under contract with plaintiffs as a subcontractor in the grading of one mile of road-bed on the Chicago, Kansas & Nebraska railway in Ford county, Kansas, in 1887. After issue had been joined, by agreement of all the parties, the action was referred to a referee for the purpose of taking the testimony and reporting his findings of fact and conclusions of law to the court. The case was heard before the referee, who made findings of fact and conclusions of law and reported the same to the court. The plaintiffs made the following exception to the finding of the referee : "I will ask you to put in a general exception for us, so that our rights will not be entirely lost in the matter." The defendant made his motion in writing, asking the court to enter up judgment in his favor in accordance with the findings of the referee. The court afterward, in the presence of the attorneys for both parties, rendered judgment in favor of the defendant, in accordance with the find-

ings of the referee, and the plaintiffs duly excepted to the judgment of the court and took 60 days to make a case for the supreme court, but no case was ever made. The plaintiffs bring the case here on a certified transcript containing the pleadings, affidavits, agreements of parties, and the report of the referee, and assigns eight causes of error, but only specify four reasons in their brief why the judgment should be reversed, as follows :

" 1. The findings of facts made by the referee are not sustained by, but are contrary to, the evidence.

" 2. His conclusions of law, based upon the facts as found, are erroneous.

" 3. Error of the court below in overruling plaintiffs' exceptions to the findings of facts and conclusions of law of the referee.

" 4. Error of the court below in causing judgment to be rendered in defendant's favor, and in not causing judgment to be rendered in plaintiffs' favor as prayed for in their petition."

This court cannot review the findings of the referee to determine whether the findings are supported by sufficient evidence, or whether they are contrary to the evidence, as the plaintiffs did not have all the evidence taken on the trial before the referee preserved in such form as this court can review it. The referee says in his report that he has reduced the evidence taken by him to writing, and that the same is appended to his report. The transcript brought to this court has the following certificate attached :

" I, Thomas Lahey, clerk of the district court in and for the county and state aforesaid, in the twenty-seventh judicial district of said state, hereby certify that the foregoing and annexed papers contain true, full and complete copy and transcript of all pleadings and papers filed in the above-entitled cause, all orders of the court, the report of the referee, the evidence

submitted with the report, the judgment of the court, and all the proceedings in the above-entitled cause, as the same appears on file and of record in my office, save and except that part of transcript which relates to agreement of parties to this case, which does not appear of record ; but that part marked thus '——' in said report is only a minute on trial docket.''

The transcript fails to show that it contains all the evidence upon which the referee made his findings. In fact, the report of the referee shows that there was other evidence not included in the written evidence reported by him.   It was the duty of the plaintiffs, if they desired the court to review the findings of the referee, to preserve the evidence in a bill of exceptions or a case-made, showing that it contained all of the evidence.   (*Walker v. Manufacturing Co.*, 8 Kas. 397 ; *Bayer v. Cockerill*, 3 id. 282 ; *Simpson v. Woodward*, 5 id. 571 ; *Porter v. Hall*, 11 id. 514 ; *Davis v. Wilson*, 11 id. 74 ; *Hale v. Bridge Co.*, 8 id. 466 ; *Blair v. Fields*, 5 id. 58 ; *Murray v. Kelly*, 23 id. 667 ; *Brown v. Johnson*, 14 id. 378 ; *The State, ex rel., v. Comm'rs Harper Co.*, 43 id. 195 ; *Moody v. Arthur*, 16 id. 419 ; *Hill v. National Bank*, 42 id. 364 ; *Muscott v. Hanna*, 26 id. 770 ; *Insurance Co. v. Hogue*, 41 id. 524 ; *Russell v. Thompson*, ante, p. 467.)

The plaintiffs failed to take any exceptions to the findings of the referee or to his report.   An exception is an objection taken to a decision of the court or judge upon a matter of law.   The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term.   No particular form of exception is required.   It must state so much of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible.   Where the decision is not entered on the record, or the grounds of objec-

tion do not sufficiently appear in the entry, the party excepting must reduce his exception to writing, and present it to the judge for his allowance.    Unless the party excepts to the decision of the court, he waives his right to complain thereafter.    If the party desires the court to notice his objection, it is his duty to call the attention of the court to the matter at the time the court is rendering his decision or passing on the question objected to.    The plaintiffs' attorney in this case wrote a letter to the referee asking him to note a general exception for him to the whole findings and conclusions, but he never afterward reduced his objections to writing, stating in what his objections consisted; did not make exceptions to any particular finding of fact or conclusion of law, and after the report was filed he never called the attention of the court to any objection, nor did he in any manner object to the court about the finding of the referee, or his conclusions of law.    If the findings of fact or the conclusions of law of the referee were not satisfactory to the plaintiffs, it was their duty to call the attention of the court to the error of the referee in some manner, and ask the court either to set the report aside or to modify it in such manner as was right and proper. The plaintiffs, failing to make their objection to the court, waive their right to come into this court at this time and ask to have it set aside or modified in any particular.    The plaintiffs excepted to the judgment of the court and were given 60 days to make case for the supreme court, but have failed to preserve any of the proceedings in said case by either bill of exceptions or case-made.    They made no motion for a new trial, nor in any other manner asked the court to correct any error that might have occurred upon the trial of said case, and thereby waived their right to a review of the judgment of the court below.

It is contended by the plaintiffs, without any exceptions whatever, that it is the duty of the court to determine whether the findings and the evidence are sufficient to support the judgment, and in support of this contention they rely on the case of *Foster v. Voightlander*, 36 Kas. 572 ; but upon examination of that case we find that it does not support this claim, but is directly opposed to it. Mr. Justice JOHNSTON, delivering the opinion of the court, says :

"The report of the referee was made and duly served on the plaintiff in error on April 9, 1885, and was not filed in the court until April 13, 1885, but no exceptions were taken or made to the report, or to any of the proceedings before the referee. They complain that the report is not as definite and complete as it should have been, in failing to state the existence, terms and conclusions of the partnership, and because it did not contain a detailed account of the assets and indebtedness of the firm, the amount invested by each partner in the business, and the amount drawn out by each, as well as the liability of each for the amount awarded in favor of the defendant in error. The plaintiffs in error are hardly in a position to complain. Aside from the fact that no exceptions were taken to the action of the referee, they did not request him to find more fully or specifically, although they had four days' notice, before filing of the report, of what findings it contained, nor did they ask the court after the report was filed to refer the same for an additional or more complete statement of facts. Having brought none of the testimony or proceedings taken or had before the referee, we are unable to say what further findings the referee could or should have made. . . . Without, the evidence or any exceptions, the only question to be considered is, whether the findings support the judgment rendered ; and this we determine in the affirmative. The questions principally argued are not fairly raised upon the record. The defects complained of are such as might have been made the

47—APP.

subject of an application for further and more specific findings, but the plaintiffs in error chose not to avail themselves of the remedy. . .. . All of the evidence and proceedings were before the court when it overruled the motion to set aside the report; and without these we cannot say the rulings were erroneous.''

Counsel also calls our attention to the case of *Koehler v. Ball*, 2 Kas. 160; but in .that case the plaintiff in error made his motion in the district court to set aside an order of the court confirming a sheriff'-s sale, also the appraisement and sale of the land, and the court refused to entertain his motion. He filed his petition in error in the supreme court to reverse the order of confirmation of said sale, and attached to his petition in error a transcript of the proceedings had in the district court. COBB, C. J., delivering the opinion of the court, quoting with approval from the opinion of the supreme court of Ohio the case of *Commercial Bank v. Buckingham*, 12 Ohio St. 402 :

'' ' The object of an exception is generally to bring upon the record for review a decision of the court upon a matter of law which the record would not otherwise show. In such cases the exception must be reduced to writing and allowed and signed by the court. But where the decision excepted to is entered on the record and the grounds of objection appear in the entry, the exception may be taken by the party causing it to be noted at the end of the decision that he excepts.' . . . If the record shows such final judgment to be erroneous, it is the right of the party aggrieved to have it reversed, vacated or modified on petition in error to the proper reviewing court.''

There being nothing in the record showing the proceedings to be erroneous, the only question that this court can consider is whether the final judgment rendered by the court is in accordance with the findings

of facts made by the referee and reported to the court. We are satisfied that the judgment of the court is fully sustained by the facts as found. The judgment of the district court is affirmed.

All the Judges concurring.