## W. R. HILL v. JOHN W. FISHER.

### No. 117.

PRACTICE BEFORE REFEREE — *exceptions must be saved or Appellate Court will not review.* In order to have the Court of Appeals examine the evidence offered before a referee, the aggrieved party must save his exceptions to the findings of fact and file his motion for a new trial.

Error from Graham District Court. Hon. Charles W. Smith, Judge. Opinion filed November 5, 1897. *Affirmed.*

376     HILL v. FISHER.

N. Dept.     Opinion. McElroy, J.     6 Kan. App.

*Z. C. Tritt* and *H. J. Harwi*, for plaintiff in error.
*F. D. Turck*, for defendant in error.

McELROY, J. This action was brought by Fisher to recover a balance on an account for lumber and building material sold and delivered to Hill. The defendant answered admitting mutual dealings, alleging a settlement, setting up an account against the plaintiff, and claiming a balance due him. The plaintiff's reply was a general denial.

The issues presented by the pleadings were referred to a referee, who made his report on October 10, 1894. The referee found that there was due to Fisher the sum of $311.74. No exceptions were taken to this report. Afterwards, at the February term, 1895, the defendant filed a motion to set aside the findings of the referee, and Fisher filed a motion for judgment on the findings. These motions were argued at the same time and submitted to the court. The court modified the findings by reducing the amount to the sum of $112.81.

Hill did not object or except to the report of the referee as modified by the court. The court took the matter under advisement until the May term of court, 1895, at which time judgment was rendered against W. R. Hill for the sum of $112.81, and costs of suit.

A motion for a new trial was filed and overruled, and the case is brought to this court for review. The only question presented by the record is, Are the findings of the referee as modified by the court supported by the evidence? The plaintiff in error took no exceptions to the findings and report of the referee, nor did he object or except to the report of the referee as modified. The report of the referee was filed October 10, 1894. The first objection made to the report was

a motion by plaintiff in error, February 9, 1895, to set aside the findings. On this motion the report of the referee was modified. The motion for a new trial was filed June 1, 1895. The motion was not filed in time; it was not made within three days after the filing of the report, nor for several months afterward. The application for a new trial must be made at the term the verdict, report or decision is rendered, and within three days after the verdict or decision is rendered. Code, § 308.

The record in this case presents no question of law for consideration. We have carefully examined the record and are of the opinion that the findings of the referee as modified are supported by the evidence. The record shows no error which affected the substantial rights of plaintiff in error.

The judgment must be affirmed.