STATE OF NEBRASKA v. STANDARD OIL COMPANY OF INDIANA.

FILED DECEMBER 4, 1901.  No. 11,074.

Referee's Report: EXCEPTIONS: FINDINGS OF FACT: UNCHALLENGED VERDICT.  Where a case is tried by referees and no exceptions to their report are filed within the time limited for that purpose, the findings of fact stand as an unchallenged verdict, upon which it is the duty of the court to pronounce judgment.

In 1897 the legislature of Nebraska passed an act known as the "Anti-Trust Law," which was introduced by Senator Gondring, of Columbus (Senate File 330), and went into effect July 10 of that year.  Session Laws, 1897, ch. 79, p. 347; Compiled Statutes, 1901, ch. 91a, entitled "Trusts."  Under section 4 of said act, Constantine J. Smyth, attorney general, on November 22, 1899, commenced this action to prohibit the defendant, a foreign corporation, from doing business in this state.  January 16, 1900, the defendant filed a demurrer to plaintiff's petition, on the ground that this court had no jurisdiction, (1) because the supreme court is a court of enumerated powers and has no original criminal jurisdiction, and this action is criminal in its character; (2) because the supreme court has no jurisdiction in a special proceeding of this kind. This demurrer was overruled.  Afterwards the attorney general made application for an order requiring the defendant to allow the attorney general to inspect and copy its books and records to obtain evidence to maintain the allegations of the petition herein.  December 5, 1900, the supreme court handed down an opinion sustaining such motion.  61 Nebr., 28.  The case was thereafter referred to Hon. Addison S. Tibbets and Hon. C. C. Wright.  The remaining history of the case is disclosed by the opinion.— REPORTER.

*Frank N. Prout, Attorney General,* for the state.

*Alfred D. Eddy, John M. Thurston, James M. Woolworth, W. D. McHugh* and *McCoy & Olmsted, contra.*

SULLIVAN, J.

This action was brought for the purpose of preventing the Standard Oil Company, a foreign corporation, from continuing to do business in this state in violation of the anti-trust law. The issues were tried before referees, who, after hearing the evidence, made the following report: "That the evidence does not sustain the allegations of the plaintiff's petition. And as a conclusion of law we do find that the plaintiff is not entitled to the relief demanded, and that the defendant is entitled to judgment of dismissal in its favor." No exceptions to this report having been filed within the time limited for that purpose, it stands now as an unchallenged verdict, upon which the defendant is entitled to judgment as a matter of course.

The state having, according to the conclusion of the referees, failed to establish the essential averments of its petition, judgment on the merits will be rendered against it.

JUDGMENT ACCORDINGLY.