# FIRST NAT. BANK OF SHAWNEE v. OKLAHOMA NAT. BANK OF SHAWNEE.

No. 750. Opinion Filed March 31, 1911.

Rehearing Denied September 11, 1911.

1. APPEAL AND ERROR—Necessary Parties on Appeal. An action was begun by one bank against another; subsequently thereto, certain stockholders of one of the parties began an action involving incidentally some of the issues presented in the former case. On the issues being made up in both cases, they were consolidated and submitted to a referee for trial. Prior to the beginning of the trial the referee took up the issues in the first case filed and tried them separately and independent of the issues presented in the other case. On making his report to the court this action on his part was approved. On appeal to this court the stockholders in the second action were not necessary parties to the appeal, and a motion to dismiss the proceeding in error because they were not made parties will be denied.

2. REFERENCE—Review of Evidence—Necessity for Bill of Exceptions. Where a referee, in obedience to an order of the court, reports to the court, as a part of his report, the evidence heard before him, the same is thereby made a part of the record and is subject to review by virtue thereof and a bill of exceptions is unnecessary.

3. REFERENCE—Review of Evidence—Motion for New Trial—Where and When to Be Filed. To secure a review of the evidence taken on a trial before a referee, a motion for a new trial must be filed in the trial court and not before the referee, and, except for the cause of newly discovered evidence, must be at the term the report is filed, and, unless unavoidably prevented, within three days thereafter; nor will filing of motions to secure a correction or annulment of the report stay the running of the statutory time so fixed.

4. REFERENCE—Findings of Fact—When Final—Judgment—Mo-

tion for New Trial. The findings of fact of a referee, where not challenged within a proper time and manner, become final, and exceptions to a judgment rendered thereon are of law, and not fact, and can not be raised on a motion for a new trial.

5. **APPEAL AND ERROR—Case-Made—Time for Service.** Where a motion for a new trial is unnecessary and no question of fact can be raised under the record, it is a nullity and will not have the effect of staying the running of the statutory time within which a case-made must be served.

6. **SAME.** A party desiring to appeal has three days by statute in which to serve a case after a judgment or order is entered, and unless such case is served within that time, or within an extension of time allowed by the court or judge within such time, the case will not be considered in this court.

(Syllabus by the Court.)

Kane and Williams, JJ., dissent.

*Error from District Court, Pottawatomie County; W. N. Maben, Judge.*

Action between the First National Bank of Shawnee and the Oklahoma National Bank of Shawnee. From the judgment the former brings error. Dismissed.

*M. L. McKenzie* and *W. S. Pendleton* (*Cassidy & Engart,* of Counsel), for plaintiff in error.

*B. B. Blakeney,* for defendant in error.

DUNN, J. This case presents error from the district court of Pottawatomie county. The above-entitled action, along with another brought by certain stockholders of one of the concerns, were consolidated by the district court and together submitted to a referee. On their coming on for trial the referee, for the purpose of the hearing, separated the cases, trying the above-entitled cause separately and apart from the stockholders' case, and the court in its judgment approved this action on his part. The issues in the stockholders' suit, as related solely to that case, were not tried, and there was no relief granted or denied to them which was not necessarily involved in the trial on its merits of the action first brought. Hence, there was no error in retaining the issues in the stockholders' suit for further disposition by the

court or referee, although the cases were originally consolidated. See *Herbert v. Wagg et al.,* 27 Okla. 674, 117 Pac. 209. The real fact is that the stockholders' case was not tried, and the fact that the case-made was not served on the parties thereto, under these circumstances, presents no cause for dismissal.

The balance of the points made upon which dismissal is sought are predicated upon the practice involved in cases where reference for trial is made to referee. The investigation of the authorities on the several questions raised and presented by counsel has taken a somewhat extended range, resulting in the discovery that on this practice different state courts on the same statutes have taken different views and the conclusions have sometimes not been altogether harmonious even in the same court. Our statute on the subject is as follows: Section 5810, Comp. Laws of Oklahoma 1909, provides for the reference of all or any issues in an action, whether of fact or law or both, upon written consent of the parties or upon their oral consent in court entered upon the journal. Section 5811, *id.,* provides that when the parties do not consent the court may, upon application of either, or upon its own motion, direct a reference in a number of stated cases, not necessary to here notice specifically. Section 5812, *id.,* speaks with particular reference to the conduct of the trial before the referee. This section it is necessary for us to note particularly, and it is as follows:

"A trial before referee is conducted in the same manner as a trial by the court. They have the same power to summon and enforce the attendance of witnesses, to administer all necessary oaths in the trial of the case, and to grant adjournments, as the court, upon such trial. They must state the facts found and the conclusions of law separately, and their decisions must be given, and may be excepted to and reviewed in like manner. The report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. When the referee is to report the facts, the report has the effect of a special verdict."

Section 5814, *id.,* provides:

"It shall be the duty of the referees to sign any true excep-

tions taken to any order or decision by them made in the case, and return the same, with their report, to the court making the reference."

One of the general rules with reference to this practice, to which all of the courts yield their assent, is that where a case is submitted to a referee to find and report the facts and conclusions of law to·the court and no bill of exceptions is allowed and signed by the referee, preserving the evidence, the court cannot. consider the question of the sufficiency of the evidence to support the findings of the referee. *Wichita Mining & Improvement Co. v. Hale et al.,* 20 Okla. 159, 94 Pac. 530; *Iralson v. Stang et al.,* 18 Okla. 423, 90 Pac. 446; *Campbell et al. v. Sherman,* 20 Okla. 185, 95 Pac. 238; *Pettis et ux. v. McLain et al.,* 21 Okla. 521, 98 Pac. 927; *Block v. Pearson et al.,* 19 Okla. 422, 91 Pac. 714.

These authorities, however, seem to take no note of. the character and scope of an order of reference such as was made in the case at bar, which provided for the referee to try the case and "to hear and report on the same * * * and to report to this court his findings on the facts and conclusions upon the law, together with all the evidence taken before him upon the trial of this case." Under such an order the courts which have dealt with it have, so far as we have been able to discover, treated the evidence so returned as a part of the record, made so by the order of the court, and where this is done a bill of exceptions is rendered unnecessary. *Block v. Pearson et al., supra; Iralson v. Stang et al., supra.*

In the cases last noted, while the question was not directly involved, it was treated as practically settled, and in the case of *The City of Newton v. Toevs,* 82 Kan. 15, the learned Justice Benson, of the Supreme Court of Kansas, likewise so treated this proposition. ·In this case it appears that the bill of exceptions was presented and signed too late, and in the discussion of the facts it appeared that the defendant did not ask to have the report withheld from the files until he could prepare a bill of exceptions to be presented to the referee for allowance, nor did he make

application to have the report returned to the referee for that purpose, "nor did he ask for an order requiring the referee to report the evidence", and the court, in stating the remedies to which a party would, under such circumstances, be entitled, stated that "an order might have been asked for requiring the referee to report the evidence." To the same effect are the cases of *Goodrich et al. v. Mayor, etc., of Marysville*, 5 Cal. 430, and *Goodale, Adm'r, v. Case et al.*, 71 Iowa, 434. So that where the referee is required by the court to report the evidence taken, it will thereby be brought into the record for review by the trial court without a bill of exceptions, which creates an exception to the general rule noted in the case of the *Wichita Mining & Improvement Co. v. Hale et al., supra*, and the other authorities noted above. Where such an order is not obtained there can be no doubt on the proposition that a bill of exceptions is necessary in order to make available before the trial court alleged errors occurring in the proceedings had before the referee. The order in this case requiring the referee to report the evidence dispensed with the necessity of a bill of exceptions, and so it must be held that the motion on this ground is not well taken.

It would, without doubt, be good practice, on the conclusion of the evidence taken by a referee, to allow counsel for the several parties to present motions, argument, or briefs to assist him in coming to a correct conclusion on the facts and law, and after the report is prepared due and timely notice should be given to the several parties or their counsel to enable them to still take such action as might aid in securing a final conclusion in accord with the facts and the law. *The Averill Coal and Oil Co. v. Verner*, 22 Ohio St. 372, 380, 381; *De Long et al. v. Stahl*, 13 Kan. 558. And where such notice is not given it is proper and right, on application, for the trial court, on a showing made by any of the parties that he was prejudiced thereby, to make an order re-referring the case to the referee, extending time for the report to be filed, in order to enable him to take such steps as may be necessary to preserve any right. Such instances would arise in cases where the report was incomplete, or where there

were no findings on certain issues, or where they were indefinite or uncertain.   Section 5814, *supra,* it will be noted, provides that it shall be the duty of the referee to sign any true exceptions taken to any order or decision, etc.   This statute merely provides for the bill of exceptions in order that the evidence and proceedings before the referee may be brought into the record, so that they may be subjected to a review by the trial court, and does not relate to any formal motion or objection made to the referee's conclusion and addressed to him to secure a modification thereof at his hands.   And, should the referee file his report without giving either party an opportunity to prepare such bill of exceptions, it would also then be the duty of the trial court to remand the case, extend the time for the filing of the report, and allow the preparation of a bill of exceptions.   *Clark et al. v. Bank of Hennessey,* 14 Okla. 572, 584; *Iralson v. Stang et al., supra; City of Newton v. Toevs, supra; De Long et al. v. Stahl, supra.*   In the case last noted Justice Brewer said:

"Before disposing of the case we desire to notice one other matter.   No exceptions were filed with this report, and several affidavits are filed to show that plaintiffs in error had no knowledge of the determination of the referee until after the filing of the report, and no opportunity to prepare and present a bill of exceptions to the referee.   The statute requires the referee to sign exceptions and return them with his report.   In practice, a party does not generally like to write out exceptions and have them signed, unless the findings are against him.   To do so pending the hearing, works disagreeable delays.   Hence, a referee ought always, after the preparation of his report, to give notice thereof to the parties a sufficient time before the filing for them to prepare exceptions if desired.   The writer of this opinion, when upon the bench of the first judicial district, made a general rule, requiring, in all cases of reference, five days' notice to each party before the filing of the report.   It would be well for all trial courts, if they have no general rule applicable, to prescribe in each order of reference the length of notice to be given before the filing."

The report in the case at bar was filed in the district court on the 23rd day of March, 1908.   Two days prior thereto there was filed before the referee by counsel for defendant, a paper

purporting to contain certain exceptions both to the findings of fact and to the conclusions of law of the referee, which paper is indorsed as follows: "Filed, allowed, and granted by the referee, this 21st day of March, 1908. J. H. Woods, Referee." This paper did not amount to a bill of exceptions and is without any legal effect whatsoever, for it was entirely unnecessary to take any exceptions before the referee to any report which he had prepared and was ready to file. *Hodgin v. Toler et al.,* 12 Iowa, 21; *Edwards & Beardsley v. Cottrell & Babcock et al.,* 43 Iowa, 194; *Washington County v. Jones,* 45 Iowa. 260.

The action of the trial court upon the report of the referee is not appellate, and when proper objections are made and exceptions saved to adverse rulings during the proceedings before the referee, the same are fully preserved either by an ordinary bill of exceptions properly allowed by him or when, on order of the court, the evidence is returned. Then all exceptions taken during the course of the trial are subject to review by the trial court, on being properly called to its attention in due time after the report is filed. So that the paper referred to neither preserved any rights nor presented any matter for the consideration of the trial court.

On April 9, 1908, seventeen days after the report was filed, the defendant filed a motion asking the court to modify the findings of fact and conclusions of law found by the referee in certain particulars therein set out. On March 25th, counsel for the plaintiff, the Oklahoma National Bank, filed its motion asking for a modification of the conclusions of law found and returned by the referee, and on April 9, 1908, these motions coming on for hearing, the court confirmed the findings of fact of the referee, and modified his conclusions of law in accordance with the motion of counsel for the Oklahoma National Bank, and denied the motion of counsel for defendant, and rendered judgment. Two days thereafter, on to wit, April 11, 1908, counsel for the defendant filed in the court its motion for a new trial, which on the 22nd day of May, 1908, the court considered and overruled, to which exception was saved, and the defendant was

given ninety days in which to make and serve a case-made, within which time the purported case-made now before us was duly served. A motion now confronts us on the part of counsel for defendant in error moving a dismissal of the appeal taken herein, for the reason that the motion for a new trial was not filed within three days after the filing of the report of the referee and hence the findings of fact became final; and that a motion for a new trial would not lie to review a judgment rendered thereon; and the extension of time for making and serving the case-made was void, for the reason that the time within which it could be extended had expired. The declarations of the courts of the different states which have practice acts in reference to trials before referees, are in such hopeless confusion upon the questions here presented that a harmonious rule cannot be deduced therefrom. The states of Ohio, Nebraska, Kansas, and Oklahoma have or had practice acts practically identical on this subject, but the decisions of their courts thereon are not uniform. For instance, the Ohio Circuit Court for the 3rd Circuit, in the case of *Guthrie & Sons v. Angosta Milling Co. et al.,* 17 Ohio Circuit Court Rep. 256, after quoting their statute, which is identical with ours, discusses the same as follows:

"By virtue of this section, when all the issues of fact and law in a case are sent to a referee, as in this case, for the purposes of the trial, he stands in place of the court, and while it is in progress, may exercise all the powers of a court, and they continue until he has fully and finally disposed of the case and made his report, at which time they cease. He may allow pleadings to be amended—new parties to be made—rule on the admissibility of testimony—enforce order and the attendance of witnesses, and when the case is submitted, he makes the findings of fact and law. If a party is dissatisfied with the findings and desires a new trial, he should file his motion for new trial with the referee and have his decision upon it, and except to the decision if adverse to him, which is the foundation necessary to be laid for a review of a case on the facts in the circuit court. It is just as necessary that such motion be filed with and passed upon by the referee, as it is necessary that one be filed in the court of common pleas in order to review a finding of the court or a verdict of the jury on the facts in that court; and we think

it is not sufficient to wait until the report of the referee is filed and then file the motion for new trial in the court where he was appointed, as was done in the case at bar."

In support of the conclusions to which the court there came, it cited *Ide v. Churchill*, 14 Ohio St. 377-8; *Lawson v. Bissell*, 7 Ohio St. 130; *Averill Coal & Oil Co. v. Verner, supra; City of Cincinnati v. Cameron*, 33 Ohio St. 336; *Wesleyan Cemetery v. Woodruff*, 2 Dinsey, 216, and *Williams v. Stevens*, 1 S. C. R. of Cincinnati, 176. To the same effect, see *Hanner v. Maumee Brewing Co. et al.*, 8 Ohio Decisions, 399.

The Supreme Court of Nebraska in the case of *Simpson v. Gregg et al.*, 5 Neb. 237, held that a motion for a new trial should be filed before the court. The same doctrine was announced in the case of *Guthrie et al. v. Brown*, 42 Neb. 652, in which the *Simpson v. Gregg* case was cited approvingly, along with *Murray v. School District*, 11 Neb. 438. In this case (*Murray v. School District*) on rehearing it was noted that a motion for a new trial had been filed before the referee, and it was held that the referee had no authority to grant a new trial; that, notwithstanding the fact that he had formally overruled a motion which had been filed to secure it, that fact was "quite unimportant, as it was a void act, he being without authority to order a new trial"—the court saying: "That power is wisely intrusted to the court alone, to be exercised in a proper case, on motion, after the report has been brought in." And, after quoting liberally from their statute, which is identical with ours, the court reached the conclusion that "these several provisions show conclusively, we think, that the granting of new trials is not one of the powers·given to referees, but that the court alone can review decisions in this manner."

The courts of Kansas have likewise held that the motion for a new trial was necessary to review the matters falling within its scope, and that it should be filed in the court after the report of the referee had been returned. The case of *Streeter et al. v. Westenhaver*, 1 Kan. App. 730, holds that the motion for a new trial, where the action is referred to a referee to find on

both law and fact, should, after the aggrieved party has challenged the sufficiency of the evidence to sustain the judgment and his motion has been denied, then be filed in the district court.   In the syllabus of the case it is said:

"Where a case has been tried by a referee, and he has made his findings of fact and conclusions of law in writing and filed them with the court appointing him, and the court has rendered a judgment in accordance with the report of the referee, and the party against whom the judgment is rendered does not file any motion to set aside the report, or move for a new trial in said action, he thereby waives all objections to such report and to the judgment, and the judgment cannot thereafter be reviewed by an appellate court."

In its discussion it is said:

"The plaintiffs, failing to make their objections to the court, waive their right to come into this court at this time and ask to have it set aside or modified in any particular.   The plaintiffs excepted to the judgment of the court and were given 60 days to make case for the Supreme Court, but have failed to preserve any of the proceedings in said case by either bill of exceptions or case-made.   They made no motion for a new trial, nor in any other manner asked the court to correct any error that might have occurred upon the trial of said case, and thereby waived their right to a review of the judgment of the court below."

In the case of *Hill v. Fisher,* 6 Kan. App. 375, the conclusion reached by the court was that the motion for new trial should be filed after the filing of the report of the referee.   The discussion on that question is as follows:

"The report of the referee was filed October 10, 1894.   The first objection made to the report was a motion by plaintiff in error, February 9, 1895, to set aside the findings.   On this motion the report of the referee was modified.   The motion for a new trial was filed June 1, 1895.   The motion was not filed in time; it was not made within three days after the filing of the report, nor for several months afterward.   The application for a new trial must be made at the term the verdict, report or decision is rendered, and within three days after the verdict or decision is rendered.   Code, § 308."

The case of *Jenkins v. Kirtlcy,* 70 Kan. 801, 805, places the report of the referee in the same class with a general verdict, and states the rule to be that:

"When a general verdict is returned or the report of a referee is made a motion for a new trial must follow, because, if submitted to, judgment ensues as a matter of law."

To the same effect, see *Grayson v. Hinkle*, 29 Kan. 277; *Harriss, Adm'r, v. San Francisco Sugar Refining Co. et al.*, 41 Cal. 393; *Peabody v. Phelps*, 9 Cal. 213.

The question has been passed on twice in this jurisdiction: In the case of *Iralson v. Stang*, 18 Okla. 423, 90 Pac. 446, decided February 15, 1907, in which a rehearing was denied June 4, 1907, and in which it was held, in keeping and in line with the Kansas authorities, that "a referee has no power to grant a new trial, but the court may grant a new trial or set aside the report of a referee when errors of the referee are made to appear by bill of exceptions;" the other being that of *Block v. Pearson et al.*, 19 Okla. 422, 91 Pac. 714, the court holding that where a party desires to have proceedings before a referee reviewed he should file a motion for a new trial before the referee and have the same ruled upon before the report of the referee is filed in court.

In the confusion that is thus presented by the authorities, we again turn to the statute itself to ascertain what light may be thrown upon the proposition, to the end that this important question of practice may be finally settled in this jurisdiction.

It will be noted that under the provisions of section 5810, *supra,* all or any issues in an action, whether of fact or law or both, may in certain cases, set forth in section 5811, *supra,* be submitted to a referee. Where the entire issue is submitted, the statute provides (section 5812, *supra,*) that "the *report* of the referee *upon the whole issue stands as the decision of the court,* and judgment may be entered thereon in the same manner as if the action had been tried by the court." But it is to be noted that when but a part of the issues before the court is submitted, as where, for instance, the referee is required to report the facts only, "the report has the effect of a special verdict." The report of the referee, until he files it in court, is without force or effect. *Citizens' Bank of Humphrey v. Stockslager,* 1 Neb.

(Unof.) 799, 96 N. W. 591. No rights are prejudiced thereby and none are gained thereby. As long as the report is in his hands, unfiled, but within the time allowed for filing, it is subject to his modification, revision, or reversal to any extent which in his judgment the facts and the law of the case justify. It is only after it is filed in the court, where it is upon the whole issue, that it stands as the "decision of the court," and where upon the facts "it has the effect of a special verdict."

The statute relating to new trials, so far as the same is instructive (section 5825, Comp. Laws Okla. 1909), reads as follows:

"A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by a jury, report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party: First, Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial * * * Sixth, That the verdict, report or decision is not sustained by sufficient evidence or is contrary to law."

On the question as to the time when the motion for new trial should be filed, section 5827, *id.*, reads as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

Section 5804, *id.*, provides that a special verdict is that by which the jury finds facts only, and there is no difference among the authorities on the proposition that a motion for a new trial, on the coming in of a special verdict, must be filed and that within three days. *City of Osborne v. Hamilton,* 29 Kan. 1; *A., T. & S. F. Ry. Co. v. Holland,* 58 Kan. 317; *Clement, Bane & Co. v. Hartzell,* 60 Kan. 317; *Brubaker v. Brubaker et al.,* 74 Kan. 220.

The report of the referee in the case at bar, being upon the whole issue and not upon facts merely, "stands as the decision of the court." The word "decision," as here used, does not mean the judgment rendered, but the conclusion on the facts which must precede a judgment. *Wilson v. Vance, Adm'r'x,* 55 Ind. 394; *Allen v. Adams et al.,* 150 Ind. 409; *Clement, Bane & Co. v. Hartzell, supra.*

In the case at bar, counsel's motion for new trial was not filed within three days after the filing of the report (or the decision) by the referee, but was filed within three days after the court denied its motion and rendered judgment. Under the authority of *Blevins v. Morledge et al., supra,* this would perhaps have been within time, for the court in that case manifestly overlooked the provision of the statute which provides that where the report of the referee is upon the whole issue, it (the report) shall stand as the "decision of the court," for it is stated in the discussion of the case:

"While the matter acted upon was contained in the report of the referee, yet, being but a report, it presented matter not only of law, but also of fact; upon which a 'decision of the court' was had before the report could have been sustained and a judgment entered, and the motion for a new trial was properly made after such 'decision of the court' was made."

Clearly the statute is entirely without force which provides that the report itself shall stand as the decision of the court if the court must render a decision thereon before the report can be sustained and a judgment entered. For if permitted to go unchallenged, it is then the final decision of the court and judgment follows as a matter of course. Nor, as we have seen above, is the judgment of the court its decision, and this distinction is clearly marked in the section of the statute before us, for the report of the referee stands as a "decision of the court," and this is the basis for the "judgment." The judgment is not the decision, as the word is here used; a decision must precede a judgment; they are separate and distinct elements of a trial. The distinction here drawn is made plain in a number of Kansas cases. For instance, it is said in the case of *Brubaker v.*

*Brubaker, supra,* the court speaking through Mr. Justice Mason, that:

"A decision in this case was made when the findings of fact and conclusions of law were filed. It was then incumbent upon the plaintiff, if he was dissatisfied with the rulings made during the progress of the trial, to invite a re-examination of them by a motion filed within three days and at the same term of court. It was not necessary for him to wait until judgment was pronounced. He could even bring his case to this court before that was done. *American Surety Co. of N. Y. v. Ashmore,* 74 Kan. 325. The pendency of his motion for judgment did not affect the matter. *City of Osborne v. Hamilton,* 29 Kan. 1. His motions to correct the findings and conclusions may perhaps be regarded as motions for a new trial, but they preserve no question for review except as to the effect of the evidence. The plaintiff was not justified in withholding his motion for a new trial because he did not know just what judgment the court might finally render. The same situation arises whenever a jury returns a general verdict and special findings. If the losing party is dissatisfied with these he must challenge them at the time and in the manner pointed out by the statute. He may not wait until he sees how badly they hurt him before deciding whether he will attack them, and the rule is the same when these determinations are made by the court without the intervention of a jury."

See, also, *Clement, Bane & Co. v. Hartzell, supra; Missouri Glass Co. v. Bailey,* 51 Kan. 192; *Fowler et al. v. Young,* 19 Kan. 150.

Vol. 5, Ency. Pleading & Practice, 936, states in its definition of the word "decision" that it corresponds to the report of the referee or the verdict of a jury. We note again that the report of the referee upon the whole issue stands as the decision of the court, but where upon the facts merely, it has the effect of a special verdict, and section 5827 of the Statutes, *supra,* seems to take full note of just this distinction in laying down the rules with reference to the time within which application for new trial must be made, which must be "at the term the verdict, report or decision is rendered," and "shall be within three days after the verdict or decision was rendered"; the report

of the referee having the effect, according to the character of the reference, of a verdict or a decision. This statute is, as has been often held, mandatory, and, to save any points presented thereby, the motion for a new trial must be filed within three days after the verdict or decision is rendered. And, on the specific question here presented, in order to secure a re-examination of issues of fact presented to a referee, a motion for a new trial must be filed within three days after the report is filed in court. *Hill v. Fisher,* 6 Kan. App. 375; *Darling v. A., T. & S. F. Ry. Co.,* 76 Kan. 893, 93 Pac. 612; *Grayson v. Hinkle,* 29 Kan. 277; *Bernard v. Sloan et al.,* 2 Cal. App. 737, 84 Pac. 232; *State v. Standard Oil Co.,* 63 Neb. 95, 88 N. W. 175; *School District v. Bishop et al.,* 46 Neb. 850.

In the case of *Hill v. Fisher,* supra, the Court of Appeals of Kansas said:

"A motion for a new trial was filed and overruled, and the case is brought to this court for review. * * * The report of the referee was filed October 10, 1894. * * * The motion for a new trial was filed June 1, 1895. The motion was not filed in time; it was not made within three days after the filing of the report, nor for several months afterward. The application for a new trial must be made at the term the verdict, report or decision is rendered, and within three days after the verdict or decision is rendered. Code, § 308."

In the discussion of the case of *Darling v. A., T. & S. F. Ry. Co.,* supra, the Supreme Court of the state of Kansas, speaking through Mr. Justice Smith, said:

"Whenever a trial has been had upon issues of fact, which trial results in a verdict, report of a referee or a decision which determines such facts, either party who feels himself aggrieved may file his motion for a new trial on the grounds and within the time prescribed, and, until such motion is disposed of, the action is still pending and the statutory time for preparing a case-made for an appeal does not begin to run."

In the case of *Grayson v. Hinkle,* supra, the Supreme Court of Kansas, speaking through Mr. Justice Brewer, said of the motion for a new trial filed to the report of the referee after the expiration of the three days:

"This motion was overruled, the report confirmed and judgment entered for the plaintiff. Defendant now alleges error, relying upon the case of *Oaks v. Jones,* 11 Kan. 443, which decides, following the Code (sec. 293), that a referee must state the facts found and the conclusions of law separately. The defendant was too late with his motion. It was not made within three days after the filing of the report, nor at the term at which it was filed. Hence, within section 308, the application was made too late."

The section of the Kansas statute referred to is identical with our section relating to the time within which a motion for a new trial must be filed.

The Supreme Court of Nebraska, in the case of *State v. Standard Oil, supra,* held in the syllabus:

"Where a case is tried by referees, and no exceptions to their report are filed within the time limited for that purpose, the findings of fact stand as an unchallenged verdict, upon which it is the duty of the court to pronounce judgment."

Nor, as contended, will the fact that a motion was pending seeking to secure a different legal conclusion from that drawn by the referee from the facts found, on its being filed, stay the running of the time for the filing of a motion for a new trial. The same situation is presented as when a jury returns a general verdict with special findings. The fact that a motion is filed to set aside the general verdict on account of its being in conflict with the special findings, will not relieve the party desiring a new trial of filing his motion within the statutory period. 2 Elliott's Gen. P. sec. 995; *Pieart v. C., R. I. & P. Ry. Co.,* 82 Iowa, 148; *Davis v. Turner,* 69 Ohio St. 101; *Nixon v. Downey & Wolverton,* 49 Iowa, 166; *Habersham et al. v. Wetter et al.,* 59 Ga. 1; *Jewell v. Blandford,* 37 Ky. 472; *Brubaker v. Brubaker, supra.*

Nor, after the filing of the report of the referee, will the filing of a motion by the losing party for judgment upon the findings of fact, nor any other motion seeking any species of relief against the report, have the effect to stay the running of the statute as to the time within which a motion for a new trial must be filed, for the reason, as will be seen from an examina-

tion of the foregoing authorities, such motions are not inconsistent with the motion for a new trial and it is presumed the trial court will dispose of them in their proper order.

Herein have been considered those cases only wherein the losing party before the referee also loses before the court. If the court in a proper case, with the evidence before it, modifies the findings of fact to the detriment of either party, this being a decision by the court, doubtless a motion for a new trial could, under the statute, be filed within three days thereafter.

In so far as the case of *Blevins v. Morledge & Allen,* 5 Okla. 141, and *Block v. Pearson et al.,* 19 Okla. 422, are in conflict with the conclusions to which we here come, the same are overruled. The motion for new trial in this case, not having been filed within three days of the filing of the report of the referee, was out of time, and a nullity, and the report of the referee on the facts became final, and there remained before the court merely the duty of rendering judgment on the unchallenged findings of fact contained in the report. On the judgment rendered thereon by the court, merely a question of law could be raised, to raise which a motion for a new trial is unnecessary and ineffectual, for the reason that motions for new trials challenge findings of fact and not of law. *Ritchie et al. v. Kansas, N. & D. Ry. Co. et al.,* 55 Kan. 36, 39 Pac. 718. The motion, being filed too late, and presenting no available question, did not stay the running of the time within which a case-made, to be valid, should have been served. At the time it was filed the findings of fact returned by the referee had become as final as an agreed statement, and the law of a motion for new trial under such a condition is stated in the case of *Board of County Com'rs v. Porter et al.,* 19 Okla. 173, as follows:

"The case was submitted upon the pleadings and an agreed statement of facts. There was no necessity for a motion for new trial. The case went to the court upon a question of law, the facts being settled by stipulation, and the overruling of the motion for new trial saved no question for review, and, even had an extension been given at the time the motion for new trial was overruled, it would be unavailing in this character of a case.

*Doorley v. Buford & George Co.,* 5 Okla. 594, 49 Pac. 936; *Horn v. Newton State Bank,* 32 Kan. 523, 4 Pac. 1022; *Ritchie et al. v. K., N. & D. Ry.,* 55 Kan. 36, 39 Pac. 718; *Schmetzler v. Green et al.,* 5 Kan. App. 656, 47 Pac. 996; *Nollie v. Harter,* 6 Kan. App. 823, 49 Pac. 794."

This case has been followed by this court in the following cases: *Devault et al. v. Merchants' Exchange Co.,* 22 Okla. 624, 98 Pac. 342; *Stanard v. Sampson et ux.,* 23 Okla. 13, 99 Pac. 796; *London & Lancashire Fire Ins. Co. v. Cummings et al.,* 23 Okla. 126, 99 Pac. 654; *Bettis v. Cargile et al., 23* Okla. 301, 100 Pac. 436; *Baker v. Hammett et al.,* 23 Okla. 480, 100 Pac. 1114; *International Harvester Co. v. Cameron,* 25 Okla. 256, 105 Pac. 189.

Judgment herein was rendered, on April 9, 1908, and the time was not then extended within which to prepare and serve a case-made, and no case-made was prepared or served within the three days thereafter, and the time having expired on the 22nd day of May, 1908, within which the court could lawfully act and extend the time, the record before us must, under the motion, fall. It is not certified as a transcript and the time has now elapsed when this could be done. Hence, the motion to dismiss the proceedings in error must be sustained.

TURNER, C. J., and HAYES, J., concur; KANE and WILLIAMS, JJ., dissent.