WILLIAM W. HUBBARD v. L. M. CORUM *et al.*
No. 12,593.   ( 68 Pac. 1128.)

MORTGAGES — *Foreclosure* — *Second Suit on Same Instrument.* When, in the foreclosure of a mortgage, the holder of the legal title to the property is not made a party, a second suit in foreclosure may be maintained.  The owner, not being bound by the. former decree, cannot use it for the purpose of defeating the mortgage, while holding his title in subservience to it.

Error from Kingman district court; P. B. GILLETT, judge.   Opinion filed May 10, 1902.   Reversed.

*Garver & Larimer*, for plaintiff in error.

*Charles B. Harder*, for defendant in error L. M. Corum.

*Per Curiam:* Armitage S. C. Forbes and husband executed a mortgage on real estate, and thereafter sold the property to defendant in error L. M. Corum, subject to the mortgage.  Plaintiff in error, the owner of the promissory note secured by this mortgage, brought his action to foreclose the mortgage and obtained service by publication.  Defendant in error L. M. *Corum*, the holder of the legal title to the property, was not named in the action or proceeding.  By mistake the name of L. M. *Crum* was used.  After decree, sale thereunder, and deed executed by the sheriff, the purchaser attempted to secure possession of the mortgaged premises under the deed.  His right of possession was denied by Corum on the ground that the entire action and proceedings, as to him, were void for want of jurisdiction.  Thereupon Hubbard commenced this suit against Corum, his wife, and other parties in interest, to obtain a foreclosure of the mortgage.  Defense was made to this action by Corum.

The trial court gave judgment for defendants on the ground that the mortgage, having been once foreclosed, a second decree of foreclosure cannot be had. This was error. The decree of foreclosure rendered upon constructive service against L. M. *Crum* did not bind L. M. *Corum*, the holder of the legal title. As to him the mortgage has not been foreclosed, and he, not being bound by the former decree, cannot use it for the purpose of defeating the just rights of the owner of the mortgage while holding his title to the property in subservience to this mortgage.

The judgment is reversed, and cause remanded for further proceedings in conformity with this opinion.

SMITH, CUNNINGHAM, GREENE, POLLOCK, JJ.