### L. M. CORUM v. WILLIAM W. HUBBARD.

#### NO. 13,663.   (77 Pac. 530.)

#### SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Limitation of Action.* Where the court sustains a demurrer to one defense, and the trial proceeds on the remaining defenses, the ruling on the demurrer constitutes such an order of the trial court that, to be reviewed, proceedings in error must be begun within one year thereafter.

Error from Kingman district court; P. B. GILLETT, judge. Opinion filed July 7, 1904. Affirmed.

*Thomas B. Wall*, and *T. A. Noftzger*, for plaintiff in error.

*Garver & Larimer*, and *George L. Hay*, for defendant in error.

The opinion of the court was delivered by

ATKINSON, J. : This is a suit by William W. Hubbard to foreclose a mortgage for $1400 on a tract of 160 acres of land in Kingman county. It is the second foreclos-

ure of this mortgage. The defendant, L. M. Corum, plaintiff in error here, purchased the premises after they had been encumbered. By error in the former suit in making the owner of the legal title to the premises a party defendant to the action, the name of L. M. *Crum* instead of L. M. *Corum* was used. Service was had by publication, defendant made no appearance, judgment in foreclosure was rendered, the premises were sold by the sheriff, and purchased by plaintiff, William W. Hubbard, and a sheriff's deed issued therefor. Thereafter defendant, L. M. Corum, denied to plaintiff possession of the premises, and this second suit in foreclosure was begun. Upon the first trial the district court denied to plaintiff Hubbard a second foreclosure of the mortgage. The case was then brought to this court (*Hubbard v. Corum*, 65 Kan. 309, 68 Pac. 1128), and was reversed and remanded.

In this suit a personal judgment was asked against defendant, based on a claim that in the deed conveying the premises to him he had assumed the payment of the mortgage. At the time of the commencement of the suit a writ of attachment was issued and levied on other lands of defendant. This attachment subsequently, upon application, was dissolved. Among other defenses interposed by defendant in his answer to plaintiff's petition was a claim or set-off for $1100, damages alleged by defendant to have been by him sustained on account of the wrongful attachment of his premises by plaintiff. A demurrer was sustained to this defense, and of that ruling of the court defendant complains.

Whether defendant's claim for damages would constitute a proper set-off to plaintiff's claim, it is not necessary to determine. The record discloses that more than three years elapsed after the sustaining of the

39—69 KAN.

demurrer before the petition in error was filed in this court. When the court sustained the demurrer to that portion of the defendant's answer, he could have immediately brought that ruling to this court for review. (Civil code, § 542; Gen. Stat. 1901, § 5019.) He could not bring it to this court after one year from the making of the order. (Code, § 556; Gen. Stat. 1901, § 5042; *Blackwood v. Shaffer*, 44 Kan. 273, 24 Pac. 423.)

While the case was pending in the supreme court, defendant, unsolicited, wrote several letters to plaintiff, residing in the state of New Hampshire, and later called on him at his home. While there defendant procured from plaintiff, for the sum of $200, a release of the mortgage, which he caused to be placed of record. After the case was reversed and remanded by this court, defendant filed a supplemental answer, pleading the discharge and satisfaction of the note and mortgage in ·suit. Plaintiff replied, alleging that the satisfaction of the mortgage had been obtained by defendant from plaintiff through misrepresentation and fraud. The case was tried before the court and a jury upon the question of whether or not the satisfaction of the mortgage had been obtained by defendant from plaintiff through misrepresentation and fraud, and a verdict was returned in favor of plaintiff. The claim for a personal judgment against defendant was withdrawn. The court adopted the verdict of the jury and entered judgment in foreclosure for the sum of $1889.

As no material errors appear in the record, the judgment of the court below will be affirmed.

All the Justices concurring.