THE RICHARDSON GAS & OIL COMPANY v. THE CITY OF ALTOONA.

No. 15,814. (100 Pac. 50.)

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS — *Franchise — Monopoly.* Where a franchise is granted by a city to a gas company authorizing it to furnish to the city and its inhabitants natural gas for light, heat and power, in consideration of which the company agrees to pay to the city annually the sum of $300, a further provision that such payments are to continue only so long as the gas company enjoys its franchise without competition is not contrary to public policy as tending to destroy competition and create a monopoly.

Error from Wilson district court; LEANDER STILLWELL, judge. Opinion filed February 6, 1909. Affirmed.

*P. C. Young,* for plaintiff in error.

*E. D. Mikesell,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: In September, 1903, Altoona, a city of the third class, passed an ordinance granting a franchise to the Hemme Gas Company to furnish natural gas to the city and its inhabitants. Under the franchise the city had the option to purchase the gas plant at a fair valuation in case the company during the life of the contract desired to sell the same.

The company accepted the franchise, erected a plant and supplied the city and its inhabitants with gas for several months, when it sold its interests to B. E. Ladow. A few months thereafter the Richardson Gas & Oil Company purchased the plant from Ladow and procured the passage of an ordinance granting it a franchise, by the terms of which the company was to pay to the city twenty per cent. of its "gross proceeds," and the city was given the option to purchase the plant on terms similar to those in the former franchise. The sale of the gas plant to Ladow and the sale from Ladow to the Richardson Gas & Oil Company were both made without notice to, or the consent of, the city.

In October, 1904, the Richardson Gas & Oil Company came before the city council with an offer to pay the city the sum of $300 annually, provided the city would enact an ordinance ratifying the two sales of the gas plant, waiving the right of the city to purchase under either of the former franchises and releasing the company from its obligation to pay to the city twenty per cent. of its "gross proceeds." The city accepted the offer and enacted the ordinance. Immediately thereafter a written contract was entered into between the city and the company providing for the payment to the city of $300 per annum, as follows: $100 January 1, 1905; $100 April 1, 1905; $50 July 1, 1905; $50 Oc-

tober 1, 1905; and like payments on the same days in each year thereafter during the life of the contract. The consideration for the contract is stated therein to be the passage of the ordinance with the provisions as above set forth. The contract also contained the following conditions:

"The above-named payments are to continue as long as the second party enjoys without competition the supplying the inhabitants, manufacturers, corporations and industries in the city of Altoona, and additions, with natural gas for fuel and light. Whenever from any source there shall be competition against second party, thus curtailing its justified income, then these payments to discontinue and stop and not to be again resumed until such competition shall cease."

The company paid to the city the amounts falling due January 1 and April 1, 1905, but afterward refused to make any further payments. Thereupon the city brought this action to recover the sum of $350 due under the terms of the contract.

A demurrer to the petition was overruled, issues were made up, and the cause proceeded to trial. The defendant objected to the introduction of testimony, on the ground that the petition failed to state a cause of action. This was likewise overruled. Defendant, electing to stand upon its objection to the sufficiency of the petition, brings the case here for review, assigning as error the rulings on the demurrer and the objection to testimony. The first can not be considered for the reason that the proceedings were not brought to this court for more than one year after the ruling on the demurrer. (*Corum v. Hubbard,* 69 Kan. 608, 77 Pac. 530.)

There remains for consideration the question whether the petition stated a cause of action as against the objection to the introduction of testimony. The petition recites the enactment of the several ordinances, copies of which are attached to the petition, and the making of the written contract, which is set out in full.

It alleges the refusal of the defendant to pay, and the amount that is due, and asks judgment.

The contention is that there was no consideration for the promise on the part of the defendant to pay, for the reason, it is said, that under the decision in *La Harpe v. Gas Co.*, 69 Kan. 97, 76 Pac. 448, the defendant had the absolute right to the use of the streets and alleys for the purpose of conveying gas. We are unable to discover in what way the doctrine of that case concerns this, for the reason that, aside from the privilege of the use of the streets and alleys granted to the defendant, the city by adopting the ordinance in express terms surrendered a number of valuable rights which it possessed, and this surrender was made a part of the consideration for the agreement that the defendant should make the payments. Since the objection only goes to a part of the consideration it need not be seriously discussed.

The second contention is that the provision in the contract that payments are to continue only so long as the defendant enjoys its franchise without competition is contrary to public policy, as tending to destroy competition and create a monopoly. The anomalous situation is presented of a public-utility corporation being solicitous lest the desire to have these payments continue may tempt some future city council to grant it a monopoly. There is nothing in the provisions of the contract by which the city agrees not to grant similar privileges to others in the future. When the propriety of doing so is presented it must be assumed that the council will be guided in its action by its judgment of what the best interests of the city require. The principle that one can not lawfully contract to do that which has a tendency to be injurious to the public has no application, because there is no contract or agreement on the part of the city to stifle competition. The presumption is in favor of the legality of the contract rather than its illegality, and in this case we think it

can not even be said that the contract is reasonably susceptible of two constructions. If it is, we are bound to place upon it the interpretation that will give to it validity.

The judgment is affirmed.