THE CITY OF NEWTON, *Appellee*, v. H. F. TOEVS, *Appellant*.

No. 16,302.

### SYLLABUS BY THE COURT.

1. EVIDENCE—*Taken before a Referee—Procedure to Obtain a Review by the Trial Court.* A party desiring to have the evidence which has been taken in a trial before a referee reviewed by the district court, to determine whether it supports the findings, should have a bill of exceptions containing such evidence allowed by the referee; and, if it is necessary to do so, should apply to the referee for time to prepare exceptions.

2. —— *Same.* If there is not sufficient time, or opportunity is not given to make such application to the referee, it should be made to the court, and for the purpose of having such exceptions allowed by the referee the court may direct the report to be held, or, if filed, to be referred back to the referee; or the court might order the referee to report the evidence.

3. —— *Review by the Supreme Court—Testimony Not Reviewed by District Court.* Evidence taken before a referee but not brought before the district court can not properly be reviewed in this court to determine whether it supports the findings of the referee, but upon an examination of that part of it which is abstracted it is found to support the findings to which it relates.

Appeal from Harvey district court; PETER J. GALLE, judge. Opinion filed March 12, 1910. Affirmed.

### STATEMENT.

THE defendant was treasurer of the city of Newton from April, 1893, to May, 1905. He was sued for an amount alleged to be due to the city because of errors, omissions and incorrect charges in his accounts. A trial before a referee resulted in a judgment against him, from which he appeals.

The referee resided in Hutchinson. The defendant's attorney resided in Newton. On December 13 the de-

fer 'ant received a notice by mail from the referee that.
nis report would be filed on the 16th day of that month
at Newton, and a copy of the report was enclosed with
the notice.  On the next day he sent his objections and
exceptions to the referee by mail, which the referee
mailed to the clerk, the report having been sent to the
clerk before the exceptions were received.  The ex-
ceptions were principally upon the ground that the evi-
dence did not sustain the findings.  December 15 was
Sunday.  The report was filed on the 16th.  On De-
cember 17 the defendant's attorney filed a motion in
court to set aside the report, embodying the same ob-
jections stated in the exceptions sent to the referee,
together with his affidavit showing that voluminous
testimony had been taken on the trial by three stenog-
raphers, one being the official court stenographer, and
that transcripts of the evidence could not be obtained
in less than two weeks.  On December 18 the court con-
vened, and on the application of the defendant contin-
ued the hearing of the motion to set aside the report, as
well as a motion of the plaintiff to confirm it, until Janu-
ary 9.  On January 8 the defendant filed another mo-
tion to set aside the report, for the reason that no time
had been given by the referee to prepare a bill of ex-
ceptions before filing it.  This reason was not included
in his first motion, nor in the exceptions mailed to the
referee.  On January 9 the defendant filed another ap-
plication for a continuance of all the pending motions,
"to give time to procure from the stenographer a com-
plete transcript of the evidence,  .  .  .  with the ex-
hibits offered,  .  .  .  and file the same with the
clerk."  He offered the testimony of his attorney in
support of this application, showing the receipt of the
notice from the referee, his action thereon, and his
efforts, after receiving notice from the referee, to pro-
cure transcripts of the testimony, which transcripts
had not yet been completed.  On cross-examination it

was shown that he did not apply to the referee for time
to prepare a bill of exceptions embodying the testimony,
the witness stating that he did not have time to do so.
The continuance was refused, the report confirmed, and
judgment was entered thereon.   A motion to set aside
the findings and for a new trial was denied.    The
defendant asked for, and was granted, time until Feb-
ruary 11 in which to prepare a bill of exceptions.   The
bill of exceptions was allowed and filed on that day, but
it did not contain any of the evidence taken on the trial.
The time for making a case for the supreme court was,
upon the application of the defendant, extended to the
15th day of May, 1908.   On that day the defendant
filed a transcript of the notes of the three stenograph-
ers, each of whom had taken a part of the testimony
before the referee.   The official stenographer certified
to the part so taken by him, as provided by section 1
of chapter 320 of the Laws of 1905.   The other stenog-
raphers certified to the parts taken by them respec-
tively.   On the same day the defendant served notice
on the plaintiff's attorney of the filing of such tran-
scripts, and also presented to the judge, in pursuance
to a notice previously given, a purported case-made,
which was signed and filed on that day.   The case-made
contains a transcript of the record, including the evi-
dence so certified to by the stenographers, and is cer-
tified to as provided by the rules of this court.

*Clarence Spooner,* for the appellant; *G. F. Grattan,*
of counsel.

*Cyrus S. Bowman,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: A motion has been made to dismiss the
petition in error because the case-made was not signed
in time.   The case was signed on the day to which the
time allowed therefor had been last extended, which

was too late. (*Maynes v. Gray,* 69 Kan. 49.) This seems to be conceded. A transcript of the record, however, is included in the case-made and the motion can not be sustained.

The defendant alleges error in sustaining the plaintiff's demurrer to one of the defenses contained in his answer, and in overruling his demurrer to one of the grounds of the reply. As these decisions were made more than one year before the record was filed in this court they can not be reviewed. (*Corum v. Hubbard,* 69 Kan. 608; *Gas Co. v. Altoona,* 79 Kan. 466.)

Motions to require the plaintiff separately to state its causes of action and otherwise correct its petition were denied, and this ruling is also complained of. The only cause of action was the failure of the defendant to account for and pay over to his successor the money in his hands as treasurer. Incidental to this charge some of the items of alleged shortage are specified, but these are not separate causes of action and the ruling was not erroneous.

The defendant demanded a jury trial, but the case involved the examination of long accounts and was a proper case for reference. (Civ. Code, § 292; Gen. Stat. 1901, § 4739.)

The defendant alleges error in the refusal to set aside the report of the referee, on the ground that time had not been allowed by the referee to prepare a bill of exceptions before filing his report. A bill of exceptions was allowed by the court upon the denial of this motion, which discloses the facts concerning the filing of the report, the notice thereof given by the referee, the efforts made to secure transcripts of the evidence, the motions for continuance and the rulings thereon, and the other proceedings before and at the time the report was confirmed, as set out in the statement above.

The bill of exceptions was presented and signed too late—the rule being the same as stated above with reference to a case-made (*The State v. Burton,* 70 Kan.

199), but treating the matters contained in it as properly presented here it appears that the defendant did not at any time ask to have the report withheld from the files until he could prepare a bill of exceptions containing the evidence to be presented to the referee for allowance, nor to have the report referred back to the referee, or the reference held open or reopened for that purpose. Nor did he ask for an order requiring the referee to report the evidence. It may be presumed that what the defendant desired to accomplish was to have the evidence presented to, and reviewed by, the court to determine whether it supported the findings of the referee against him. In this situation it would have been good practice to apply to the referee for the allowance of a reasonable time to prepare exceptions containing the evidence, which should be granted. (Civ. Code, § 295; Gen. Stat. 1901, § 4742; *Davis v. Finney*, 37 Kan. 165.) If in this case the time was insufficient to permit such application to be made, the defendant should have applied to the court or judge for an order requiring the referee to allow such time. If the report was filed before the application could have been heard, the court might still have referred the report back to the referee for this purpose. Or an order might have been asked for requiring the referee to report the evidence. But none of these steps was taken, and the evidence was not brought before the court.

The defendant contends that the evidence does not support the findings. As the proper steps to have the evidence reviewed in the district court were not taken, and the evidence was not before that court, it can not properly be reviewed here. We have, however, examined that part of the evidence abstracted by the defendant, and it appears to support the findings to which it relates. We must presume that this is true of the great mass of evidence not abstracted.

Complaint is made because transactions that had occurred eight to fourteen years before the suit was begun were investigated. The defendant ought not to complain of this, for he filed a stipulation expressly waiving the defense of the statute of limitations, thereby consenting to, if not inviting, an investigation of the accounts referred to in the petition, without regard to the lapse of time.

It is not necessary to consider whether the transcripts of testimony taken before the referee were properly authenticated as a part of the record under section 1 of chapter 320 of the Laws of 1905, for the evidence was never brought before the district court for its consideration.

The referee expressly found that the shortages were not caused by intentional wrong but arose out of errors in keeping the accounts. Upon a careful examination of the record and the evidence abstracted, no error is found in the proceedings. It is believed that the result would not have been different if all the evidence had been before the district court.

The judgment is affirmed.