9547

BANK OF PROSPERITY v. DOMINICK *ET AL.*

(90 S. E. 264.)

MORTGAGES — FORECLOSURE — NECESSARY PARTIES. — In suit foreclosing a mortgage, where it appeared that in the deeds of the property to the mortgagor from her deceased husband, the habendum read, "Unto the said L. (mortgagor) during her natural life, and at her death to be equally divided between the body issue of H. P. (grantor) and L.," and to "her heirs and assigns forever," and that some of their children were living at the date of the deeds and were still living, such children were parties necessary to be brought in under section 171 of Code Civ. Proc. 1912, as to bringing in parties necessary to the determination of a controversy.

Before Hon. THOS. G. McLEOD, special Judge, Newberry, 1916.   Reversed.

Suit to foreclose by the Bank of Prosperity against Louisa Dominick and others.   A rule was issued requiring Ada O. Dominick to show cause.   From a judgment that the return to the rule be dismissed, and that she be required to comply with her bid, the rule-defendants appeal.

*Messrs. Blease & Blease* and *H. C. Holloway,* for appellants.

*Messrs. Hunt, Hunt & Hunter,* for respondent.

October 19, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff brought this action to foreclose a mortgage on two tracts of land executed by the defendant, Louisa Dominick.   The other defendants held mortgages on the same lands.   Under judgment for foreclosure and sale, the lands were sold and bid off by Ada O. Dominick, who refused to comply with her bid, and a rule was issued, requiring her to show cause why she should not be compelled to comply.

For return to the rule, she alleged that, by the terms of the judgment for foreclosure and sale, the master was to convey to the purchaser a fee-simple title, and that, upon investigation of the title, she discovered that the master could not convey such a title, because Louisa Dominick, the mortgagor, had only a life estate in the lands; and, in support of her return, she attached thereto, as exhibits, copies of the deeds, under which Louisa Dominick's title was derived.

The deeds are from Henry P. Dominick, who was the husband of Louisa Dominick, and are identical in form,

except the description of the tracts conveyed.    The habendum reads:

"Unto the said Louisa Dominick, during her natural life and at her death to be equally divided between the body issue of Henry P. and Louisa Dominick, and in case of her death before mine, I am to enjoy all the uses and privileges of said lands herein conveyed until my death and then to be equally divided as above provided for, and her heirs and assigns forever."

Henry P. Dominick is now dead; but, at date of the deeds, several children had been born to him and Louisa, and others were born to them afterwards, who are still living.

The issue of Henry P. and Louisa Dominick were not made parties to the action.    They are necessary parties to a complete determination of the question involved; and, as the judgment of the Court would not be binding upon them, in their absence, they must be made parties, before the question can be finally decided.    Under such circumstances, section 171 of the Code of Procedure requires the Court to have them brought in.    *Moore* v. *Gentry,* 25 S. C. 334.

Without intimating any opinion as to the merits of the controversy, the judgment of the Circuit Court is set aside, and the case is remanded to that Court for the purpose of having the bodily issue of Henry P. and Louisa Dominick made parties to the action, so that they may set up such claims to the land as they may be advised, and have the same adjudicated.

Judgment reversed.