No. 30,245.

IRA SUTER, *Plaintiff*, v. THEODORE SCHULTZ and REINHOLDT A. SCHULTZ, *Appellants* (W. O. ATER and JOSEPH H. YOUNG, *Appellees*).

(7 P. 2d 55.)

Opinion filed January 30, 1932.

*George L. Reid, W. M. Glenn,* both of Tribune, and *J. Graham Campbell,* of Wichita, for the appellants.

*W. S. Langmade* and *Wallace T. Wolfe,* both of Oberlin, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to foreclose a mortgage. Certain defendants answered and filed a cross petition in which they asked that their title to the real estate in question be quieted. Judgment was for the plaintiff and these defendants. Later in the term other defendants asked that the case be opened up and the judgment in favor of the cross petitioner be set aside and they be let in to defend against the cross petition. That motion was denied. From the order denying that motion this appeal is taken.

The facts are these: In November, 1927, Theodore Schultz, a single man, entered into a contract with W. O. Ater to trade 320 acres of land in Wichita county for forty acres in Decatur county. The trade was made and deeds to both properties were deposited with Mr. Young at Oberlin. For some reason these deeds were not called for at once by either party. On February 2, 1928, Theodore Schultz and his brother, Reinholdt Schultz, were in the office of Mr. Young at Oberlin. They were shown all the papers in the transaction, including both deeds. They were advised that Mr. Ater was ready to comply with the contract and to deliver possession of the buildings. Later in the same day Theodore Schultz executed a deed to the real estate in Wichita county to Reinholdt A. Schultz, his brother. This deed was recorded by him the next day. On February 4, 1928, Ater secured from Mr. Young the deed conveying the land in question to him. He sent it at once to Leoti for recording. By return mail he was advised for the first time of the deed from Theodore Schultz to Reinholdt Schultz.

At the time the trade was made Ira Suter held a mortgage on the real estate in question. On March 11, 1930, Suter brought this action to foreclose. He made Theodore and Reinholdt Schultz and Ater and Young parties defendant. Personal service was had on Young and Ater. Service was by publication on Theodore and Reinholdt Schultz.

Sometime between 1928 and 1930 Ater had executed a mortgage on the real estate to Young.

When the foreclosure suit was filed Ater answered, admitting the mortgage of Suter. He filed a cross petition in which he set up the deed to him from Theodore Schultz and asked judgment in his favor quieting his title against Theodore and Reinholdt Schultz and giving him the exclusive right to redeem. Young answered in the same manner, setting up his mortgage and asking that it be made a second lien.

When these pleadings were filed copies of them were left with the clerk. The next day after the suit was filed the attorney for the plaintiff wrote Reinholdt Schultz. He told him about bringing the suit to foreclose, that he had made Ater and Young defendants, and he referred in this letter to the Ater deed and the Young mortgage.

Neither Theodore nor Reinholdt Schultz entered an appearance in the case. On May 16, 1930, judgment was taken foreclosing the mortgages of Suter and Young, making them first and second liens respectively and quieting the title of Ater against Theodore and Reinholdt Schultz. Later the land was sold. October 27, 1930, the sale was confirmed and the period of redemption fixed at six months.

On August 16, 1930, Theodore and Reinholdt filed their motions to open up and set aside the judgment in favor of Young and Ater and to permit them to defend. The court heard this motion and it was denied. The evidence was all by affidavits and admissions of counsel and was about as has been detailed here. From the order overruling that motion this appeal is taken.

Proceedings to open up judgments may be brought under three sections of the statute, R. S. 60-2530, 60-3001 and 60-3007. R. S. 60-2530 is intended for cases where the only service on a defendant was by publication, and he did not have any actual notice of the pendency of the suit in time to appear and make his defense. One seeking to avail himself of this statute must make application to open up the judgment and make it appear by affidavit that he did not have notice of the pendency of the suit in time to defend. He must give the other party notice and must file his answer to the petition. Appellant complied with this statute as far as application, affidavits and answer go. The ruling of the trial court amounts to a finding of fact that appellants did have actual notice of the pendency of the action in time to defend. There was ample evidence to sustain such a finding and it will not be disturbed. Indeed, since the evidence is all documentary, it is proper for this court to say that the trial court could not have reached any other conclusion.

Appellants seek to avoid the effect of what has been said by claiming that it was the duty of appellees to serve a copy of their cross petitions on counsel of record of the opposing parties under rule 27 of this court. This argument is unavailing to appellants here, however, because copies of the cross petition were left with the clerk to be served upon counsel of record of opposing parties, but appellants never made any appearance nor employed counsel. Hence, no opportunity was had to serve copies of the cross petition upon them.

Appellants urge that this judgment should have been vacated under the provisions of the first paragraph of R. S. 60-3001. That section provides for granting a new trial of an action where it appears that the rights of the party are substantially affected—

"Because of abuse of discretion of the court, misconduct of the jury or party, or accident or surprise which ordinary prudence could not have guarded against, or for any other cause whereby the party was not afforded a reasonable opportunity to present his evidence and be heard on the merits of the case."

The argument is that appellants were not afforded a reasonable opportunity to present their defense to the cross petition because of their lack of knowledge that there had been any such pleading filed. The answer to that argument is the same as was made to the claim under the other section. The holding of the court amounts to a finding of fact that appellants did know of the cross petitions. And again we say that it is plain from the evidence that if they did not know of the cross petitions they had ample notice of the claim of appellee upon which the cross petition was based, and knew that these claims were being urged in court. This contention is not good.

While no argument is made in the brief of appellants that this judgment should be vacated under R. S. 60-3007, there are some allegations in the motion to vacate which indicate that such might have been the intention. That section provides:

"60-3007. The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order."

To be available under this section the fraud must be extrinsic rather than intrinsic. (*Elfert v. Elfert,* 132 Kan. 218, 294 Pac. 291.) This court has said, "Fraud consisting in stating a fictitious cause of

action, and in supporting the stated cause of action by false testimony, is intrinsic fraud." (*Potts v. West,* 124 Kan. 815, syl. ¶ 2, 262 Pac. 569.)

That is what the motion to vacate the judgment alleges in this case.

The judgment of the trial court is affirmed.