No. 33,843

NORA PHILLIPS and MARTHA MURPHY, Trustees for DOROTHY BARRETT MAXWELL, *Appellees,* v. HENRY A. PARKER and NELLIE M. PARKER, His Wife, *Appellees;* GEORGE F. PULLAM and BELLE PULLAM, His Wife; PEARL JOHNSTON and J. B. JOHNSTON, Her Husband; FAYE PULLAM EDWARDS and DARY H. EDWARDS, Her Husband, *Appellants.*

(83 P. 2d 709)

Opinion filed November 5, 1938.

*Bernard L. Sheridan* and *L. Perry Bishop*, both of Paola, for the appellants.

*A. A. Bryan, B. J. Carver* and *Karl V. Shawver*, all of Paola, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was a controversy respecting the foreclosure of a real-estate mortgage. It is complicated by a previous action attempting to foreclose the mortgage and by certain contracts and acts of the parties both before and since the earlier action.

The pertinent facts may be stated as follows: Eliza C. McKeever, an elderly widow, owned the northwest quarter of section 11, less one acre of school ground, hereinafter referred to as the "quarter section," and the south 104 acres of the northeast quarter of section 12, hereinafter spoken of as the "104 acres," all in township 16, range 22 east, in Miami county. On April 15, 1932, she executed to plaintiffs a note for $6,000, due in five years, bearing interest at six percent per annum, payable semiannually, with interest coupons attached, and a mortgage upon the land above described to secure its payment. The validity of this note and mortgage is not questioned. Two weeks later, on April 29, 1932, Mrs. McKeever died intestate, leaving as her sole heirs at law George F. Pullam, her son, Archie R. Pullam, her son, Pearl Pullam Johnston, her daughter, and two grandchildren, Faye Pullam Edwards and Earl Pullam, being children of her deceased son, Clyde Pullam. She left some real and

personal property in addition to the mortgaged land above described. On or before May 4, 1932, George F. Pullam was duly appointed and qualified as administrator of the estate of Eliza C. McKeever. Under the date of May 4, 1932, the heirs entered into a written agreement for the division among themselves of the property of the estate of Mrs. McKeever, in which it was agreed that each should take certain of the property, and that the probate court in its final order might find the interest and shares of the respective parties to be as provided in the written agreement. This instrument contained this provision:

"And, Whereas, there is now a mortgage of $6,000 covering (the land above described), it is the intent of all parties hereto to assume and pay their proportionate share of said sum of $6,000 as follows to wit: George F. Pullam, one fourth, Archie R. Pullam, one fourth, Pearl Johnston, one fourth, Faye Edwards, Earl Pullam, one fourth."

The first, second, and half of the third interest coupons on the $6,000 note above mentioned were paid by the administrator as they became due. On June 4, 1934, interest payments and taxes being in default, the payees of the note, as plaintiffs, brought an action in the district court, naming as the sole defendant George F. Pullam, administrator of the estate of Eliza C. McKeever, deceased. The petition alleged the death of Eliza C. McKeever and the fact that George F. Pullam was the administrator of her estate, and otherwise contained the usual allegations of an action on the note and to foreclose the mortgage. The prayer was for a personal judgment against the defendant for the sum due on the note and for the foreclosure of the mortgage and the sale of the mortgaged premises. Summons was issued and served upon George F. Pullam, administrator of the estate of Eliza C. McKeever, deceased. He made no appearance in the action. On July 9, 1934, a personal judgment for $6,725.35 was rendered by default against George F. Pullam, administrator of the estate of Eliza C. McKeever, deceased, the court finding that he was the duly qualified and acting administrator of the estate, and the ordinary decree was entered foreclosing the mortgage upon the land described therein. On July 14, 1934, an order of sale was issued, the property was advertised and sold by the sheriff, August 22, 1934, and was bid in by the plaintiffs for the full amount of the judgment, interest and costs. The sale was confirmed September 17, 1934, the period of redemption being fixed at eighteen months, and a certificate of purchase was issued to the purchasers at the sale. The plaintiffs paid the costs of the ac-

tion, including the costs of the sale. On the expiration of the period of redemption a sheriff's deed, in usual form, was executed and delivered. This was recorded March 3, 1936. On March 16, 1936, the clerk of the district court filed in the office of the register of deeds a release of the mortgage by virtue of the decree, sale and deed in the foreclosure action.

Soon after the delivery of the sheriff's deed plaintiffs undertook to get possession of the property. The 104 acres was occupied by Pearl Pullam Johnston and her husband. They were then building a house on other property, which was soon completed, and they moved off the 104 acres. Plaintiffs sold the 104 acres to Henry A. Parker and wife and conveyed the same to them by general warranty deed for $2,600, of which $600 was paid in cash, and Parker and his wife executed a note and mortgage on the 104 acres to plaintiffs for $2,000 and went into possession of the land, and since then have remained in possession. George F. Pullam and his wife were living on the quarter section. Plaintiffs rented this quarter section to Coughlin Brothers in the spring of 1936 and they went on the premises and farmed the land in cultivation. In March, 1937, plaintiffs leased the quarter section to Ora Cox for one year, and he farmed the land, or part of it, that season. George F. Pullam continued to reside in the residence on the land and to use the garden and at times some other portions of the land. At the trial of the action from which this appeal has been taken—soon to be stated—whether he stayed on the land with no claim of right but by sufferance of plaintiffs and their tenants, or upon a claim of right and objecting to the possession of the tenants, was sharply controverted. In June, 1936, plaintiffs filed in justice of the peace court an action against George F. Pullam for the forcible detention of the quarter section. This action was contested by George F. Pullam and appears never to have been disposed of fully.

After the death of Mrs. McKeever, and before the action soon to be mentioned was filed, her heirs made various contracts and deeds among themselves. Some of these contracts had been carried out in whole or in part and some were still pending. A detailed statement of these is deemed unnecessary except to note that in August, 1933, Earl Pullam conveyed his interest in the property to Stella Staves.

On August 27, 1936, plaintiffs filed this action, naming as defendants George F. Pullam, Archie R. Pullam, Pearl Johnston, Earl Pullam, Faye Pullam Edwards, Stella Staves, and their respective spouses, and summons was served, either personally or by publica-

tion, upon all of them; and each of them, except Stella Staves, appeared in this action by some pleading. In their petition in this action plaintiffs set up the $6,000 note and mortgage to secure it, both of which had been executed by Eliza C. McKeever; alleged there was default in the payment of interest and taxes; asked for judgment in rem as to the amount due on the note, and for the foreclosure of the mortgage. In the petition the earlier action was referred to and the proceedings taken therein set out, and it was alleged that under the sheriff's deed issued in that action plaintiffs had obtained possession of the property, and that they were mortgagees in possession. Numerous pleadings were filed. It will not be necessary to analyze these in detail. It is sufficient to say the respective defendants contended that the note having been reduced to judgment in the first action could not be used as the basis of the present one, and that in effect it had been paid by the sale had under the decree in the former action. As to the shares or interest in the land of the heirs other than George F. Pullam, it was contended that since the sale in the earlier action paid the debt, and since they were not parties to the action, they were the owners of their respective shares free and clear of the mortgage. As to the share or interest in the land of George F. Pullam, it was variously contended that this was not affected by the prior suit for the reason that he was not made a party defendant in his individual capacity, and on the other hand it was alleged that his share or interest in the land was foreclosed in the earlier action. It was also contended that the land having been sold once under the decree in the first action it could not be sold again under a later decree foreclosing the same mortgage.

Henry A. Parker and wife interpleaded in the action, set up their deed from the plaintiffs, alleged that they went into possession of the 104 acres with the consent of the defendants, and contended they were mortgagees in possession.

Among other things, the trial court found that George F. Pullam had remained in possession under a claim of right and title to an interest in the land; therefore the court held that neither the plaintiffs nor the Parkers were mortgagees in possession.

The trial court found the sum due plaintiffs under the note to be $7,894.88. In doing so it gave no credit to defendants for the amount the property was reported as being sold for at the sheriff's sale in the earlier action.

The court held that plaintiffs' mortgage was foreclosed in the

earlier action as against the individual share or interest of George F. Pullam in the real property, adjudged to be three eighths, but held that was not a complete foreclosure of the mortgage because other heirs were not defendants, and proceeded to foreclose the mortgage as against the individual shares or interest of the other parties defendant. From this judgment and decree the defendants, George F. Pullam, Pearl Johnston, Faye Pullam Edwards, and their respective spouses, have appealed.

We turn now to the legal questions involved. The first of these is the legal effect proper to be given to the judgment and decree in the first action, in which an attempt was made to foreclose the mortgage. The only defendant in that action was "George F. Pullam, administrator of the estate of Eliza C. McKeever, deceased." There are arguments in the briefs as to whether the words, "administrator of the estate of Eliza C. McKeever, deceased," are descriptive of George F. Pullam only, or whether they denote the representative capacity in which he was sued. Several of our decisions are cited as bearing on this point. It will not be necessary to analyze these decisions with care, for to us it seems clear from the petition that he was sued in his representative capacity only. Nowhere in the petition was he alleged to be an heir of Eliza C. McKeever, nor was it alleged that he had any relation to her or her property other than that of being administrator of her estate. In its judgment and decree the court specifically found "that the said George F. Pullam is the qualified and acting administrator of the estate of Eliza C. McKeever, deceased," and the judgment on the note was rendered against him in that capacity. He was not liable on the note in any other capacity, nor was he charged with such liability.

We need not stop to determine whether the judgment against him in his representative capacity is valid for any purpose, for that question was not presented to or determined by the trial court. We simply note, if the action were brought with the view of establishing the debt evidenced by the note as a claim against the estate, as it might be under G. S. 1935, 22-704, there is a limitation of the time within which such an action may be brought. (G. S. 1935, 22-727; *Forrester v. Falkenstien,* 129 Kan. 485, 283 Pac. 263.) This is a matter which could not be waived by the administrator. (See *Bristow v. First Trust Co.,* 140 Kan. 711, 38 P. 2d 108, and authorities there cited.) But it appears from the record that was not the purpose, for we are advised in the briefs that the judgment never was filed in probate court as proof of a claim against the estate.

Was there a valid decree of foreclosure in the first action? Upon the death of Mrs. McKeever, intestate, the title to her real property passed to her heirs, subject to existing liens and subject to sale, if necessary, to pay the claims of creditors allowed by the probate court as demands against her estate. No title to her real property passed to her administrator. These propositions are so well established in this state that authorities need not be set out.

It is the established rule in this state, and generally elsewhere, that when a mortgagor dies intestate, leaving heirs, such heirs are necessary parties defendant in an action to foreclose the mortgage, and that no valid decree of foreclosure can be rendered when such heirs have not been made parties. In *Britton v. Hunt,* 9 Kan. 228, where a situation arose similar to the one here presented, it was held:

"In an action to foreclose a mortgage where the mortgagor is dead, his heir is an indispensable party; and no judgment for the sale of the premises can be the basis of a title, where the administrator is alone the party to the suit." (Syl.)

To the same effect see *Richards v. Thompson,* 43 Kan. 209, 23 Pac. 106; 42 C. J. 53; *Reinhardt v. Calhoun,* 9 N. J. Misc. 914, 156 Atl. 12; 109 N. J. L. 580, 162 Atl. 909; *Woods v. First Nat. Bank,* 16 F. 2d 856; *Thomas v. Barnes,* 219 Ala. 652, 123 So. 18; *Hill v. Brittain,* 178 Ark. 784, 12 S. W. 2d 869; *Buff v. Schafer,* 157 Minn. 485, 196 N. W. 661; *Bank of Prosperity v. Dominick et al.,* 106 S. C. 120, 90 S. E. 264.

Since there were no parties before the court in the first action upon whom a decree of foreclosure could operate, the decree was void; also, the sheriff's sale and the sheriff's deed were void, since, necessarily, they are based on a void decree of foreclosure. The mortgage was not foreclosed in that action. The result is, the plaintiffs obtained no title to the land by virtue of the sheriff's deed issued to them, and it necessarily follows that their warranty deed to Henry A. Parker and wife conveyed no title.

Appellants contend that since in the first action the note was put in judgment against the administrator it became merged in the judgment and cannot now be made the basis for the present action. That contention at best is more technical than real. Appellants were never personally liable on that note. The first action was not one against them on the note. No personal liability is sought in the present action against them on the note. The principal purpose of pleading the note in this action is to enable the court to determine the amount of the lien upon the property, and it is quite immaterial

to appellants whether that be computed from the note or from the judgment against the administrator in the first action.

Appellants argue that the note was in fact paid by the bid of plaintiffs at the sheriff's sale in the first action, but we have heretofore determined that sale was void; hence, it could not be a valid payment; indeed, it was no payment at all.

Appellants cite G. S. 1935, 60-3460, to the effect that real property once sold under a mortgage is not subject to sale a second time under the same or any inferior lien. That would be true if the first sale were valid, but since that sale was void the statute has no application. (See *Hubbard v. Corum*, 65 Kan. 309, 68 Pac. 1128.) More than that, since appellants were not parties to that action, and not bound by the decree of foreclosure therein, they cannot claim any advantage growing out of it. (*Manley v. Debentures Co.*, 64 Kan. 573, 68 Pac. 31.)

Contracts and conveyances made between the heirs since the death of Mrs. McKeever, and the question whether her property, other than this mortgaged land, is sufficient to pay debts which have been allowed against the estate, are unimportant, since the rights of any such heirs or creditors are necessarily subordinate to the rights of plaintiffs under their mortgage because of the fact that it was a valid lien upon the real property described therein prior to the death of Mrs. McKeever.

The result is, plaintiffs are entitled to have their mortgage foreclosed in this action against all the heirs of Eliza C. McKeever, deceased, and Stella Staves, the grantee of one of them.

On conflicting evidence the court found that neither the plaintiffs nor Henry A. Parker and wife were mortgagees in possession. Since this was largely a question of fact, the judgment of the court on this point will not be disturbed. Plaintiffs, therefore, should account for such rents as they have received.

Since we have held in this case that the warranty deed from plaintiffs to Henry A. Parker and wife conveyed no title—which view was not taken by the trial court—and since their rights as between them have not been determined on this basis, they must be adjusted between the parties, or determined in some subsequent proceeding or future action between them.

The judgment of the trial court is reversed with directions to enter a decree of foreclosure against all the heirs of Eliza C. McKeever, deceased, and Stella Staves, and their respective spouses, in harmony with the views herein expressed.