No. 36,871

JAMES M. WILSON and LOLA PEARL WILSON, *Appellants*, v. (MILTON A. SANFORD et al., *Defendants*) FIRST NATIONAL BANK IN WICHITA, Trustee, *Appellee*.

(181 P. 2d 486)

W. N. CALKINS, judge. Opinion filed June 7, 1947.

*F. J. Leasure,* of El Dorado, argued the cause for the appellants.

*George Stallwitz* and *George C. Spradling,* both of Wichita, argued the cause, and *Joseph G. Carey, W. F. Lilleston, Henry V. Gott,* all of Wichita, and *J. B. McKay,* of El Dorado, were with them on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: In an action to quiet title actual service of summons was had upon First National Bank in Wichita, a corporation. Service was obtained upon all other defendants by publication. Judgment by default was taken in favor of the plaintiffs. After expiration of the term at which it was rendered, the First National Bank in Wichita, designating itself as trustee, not a party to the action, filed an application to open up the judgment under G. S. 1935, 60-2530, alleging that it was the successor in interest of The National Bank of Commerce, Wichita, trustee, one of the defendants therein. At the same time it filed its answer to the petition. The appeal is from orders made by the trial court resulting in the opening of the original judgment and from the rendition of a second judgment decreeing the First National Bank in Wichita, trustee, to be the owner of an undivided one-fourth interest in and to the minerals in place under the real estate described in the plaintiffs' petition and quieting its title thereto.

Notwithstanding the scope of the appeal an examination of the record reveals the all-decisive issue involved is raised by appellants' specification of error charging that the trial court erred in granting the application to open the judgment. For that reason, except as it becomes necessary to pass upon other questions dependent upon its decision, this opinion will be limited to facts, portions of the pleadings and legal principles applicable to that issue.

A general summarization of the pertinent preliminary facts disclosed by the record and essential to an understanding of the issue to which we have just referred, may be thus stated: On April 3, 1918, the then owners of the real estate involved which is located in Butler county executed a mineral deed purporting to convey to The National Bank of Commerce, Wichita, trustee, its successors and assigns an undivided one-fourth interest in the minerals in place under such land and in due time that instrument was placed of record. Thereafter, the original owners conveyed the real estate to James M. and Lola Pearl Wilson, the present plaintiffs. On January 13, 1920, The National Bank of Commerce and The Kansas National Bank, both of Wichita, consolidated and formed the First National Bank in Wichita. Notice of the consolidation was filed of record in Butler county in November, 1926. February 20, 1945,

the plaintiffs instituted this action which culminated in the judgment quieting their title to the land. Included as parties defendant thereto were: The National Bank of Commerce, Wichita, a corporation if legally existing and if dissolved its unknown successors, trustees and assigns; The National Bank of Commerce, Wichita, trustee, if acting in that capacity and if not so acting then its unknown successors and assigns; and First National Bank in Wichita, a corporation. As heretofore indicated service on the first two defendants named was constructive, service on the one last mentioned was actual, and all three failed to answer or otherwise plead to the petition.

The application to open the judgment was duly verified. With respect to the point in question it contains the following relevant allegations:

"That this applicant as trustee and successor to the rights of The National Bank of Commerce, Trustee, was not made a party defendant to this action; that it at all times maintained a place of business in Wichita, Sedgwick County, Kansas, and that no service of summons was made upon said applicant as trustee, and that this applicant as trustee never at any time had any actual notice or knowledge during the pendency of this action that the same was pending."

Particularly germane averments of the answer, attached to and made a part of such application, read:

"That under date of January 13, 1920, The National Bank of Commerce and The Kansas National Bank, both of Wichita, Kansas, consolidated and formed First National Bank in Wichita, and that by reason of said consolidation, First National Bank in Wichita has succeeded to all of the assets, rights, property and activities formerly belonging to the said The National Bank of Commerce. . . ."

It was with facts and pleadings before it, as heretofore related, that the trial court opened the judgment and let in the First National Bank in Wichita, trustee, to defend, and thereafter rendered the second judgment to which we have heretofore referred.

At the outset we pause to observe that proceedings to open up judgments may be instituted under three sections of our statute, G. S. 1935, 60-2530, 60-3001 and 60-3007. However, in this case we are concerned with the first section only as the appellee concedes its application was filed under and its right to have the judgment opened depend upon the provisions of such section.

G. S. 1935, 60-2530, is applicable to cases where the only service upon a defendant is by publication and he did not have any actual

notice of the pendency of the action in time to appear and make his defense. Portions thereof pertinent to this appeal read:

"A party against whom a judgment or order has been rendered, without other service than publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and to make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; . . ."

In this jurisdiction to entitle a litigant to relief under the section just quoted there can no longer be any question but that lack of notice of the pendency of the suit in time to defend is a fundamental prerequisite and must be affirmatively established.

In *Wood v. Cobe,* 80 Kan. 496, 103 Pac. 101, we held:

"An indispensable prerequisite to the right to open up a judgment under section 77 of the civil code (section 83 of the new code) is that the applicant shall make it appear to the satisfaction of the court that during the pendency of the action he had no actual notice thereof in time to appear and make his defense.

"Mere oversight and inadvertence of a party in failing to make his defense at the trial of an action of which he had actual notice does not justify the opening up of the judgment under that provision of the code." (Syl. ¶¶ 1, 2.)

To the same effect is *McLeod v. Palmer,* 103 Kan. 238, 173 Pac. 533, holding:

"In a proceeding to open up a judgment rendered on service by publication only, the defendant making the application, among other things, must show that he did not have actual notice of the action in time to appear and make his defense, and the fact that he was under disability by reason of confinement in the penitentiary furnishes no sufficient reason for opening the judgment if before his disability he had actual notice of the pendency of the action in time to enter his appearance and present his defense." (Syl. ¶ 2.)

See, also *Suter v. Schultz,* 134 Kan. 538, 7 P. 2d 55.

In view of the undisputed facts appearing from the record can it be said the appellee brought itself within the terms of the statute? To conclude, as we do, that the question requires a negative answer we need only to give force and effect to the allegations of appellee's own answer. There, and we repeat for purposes of emphasis, it is stated that by reason of the consolidation of The National Bank of Commerce and The Kansas National Bank, both in Wichita, *First National Bank in Wichita has succeeded to all of the assets, rights,*

*property and activities, formerly belonging to The National Bank of Commerce.* Obviously, one of the activities of such last-named institution was the interest it had acquired as trustee under and by virtue of the mineral deed in controversy. By its own admission appellee concedes First National Bank in Wichita has succeeded thereto. The bank was personally served with summons. It had actual notice. All it needed to do was to give heed thereto and it would have immediately ascertained The National Bank of Commerce as trustee had been made a party defendant in the action and that one of the activities to which it had succeeded as a result of the consolidation was involved in the litigation. In that situation notice to the bank was all that was required. Notice to it was actual notice to the appellee and, whatever the nature of the latter's interest in the res may have then been, or may now be, a question we are not called upon here to determine, it does not now lie in its mouth to say it had no actual notice of the action and thus procure an opening up of the judgment when the bank, which it concedes is the source of whatever title or interest it may have in that res, could not do so.

In reaching the conclusion just announced we have not been unmindful of our decision in *Loan Co. v. Essex*, 66 Kan. 100, 71 Pac. 268 and *Phillips v. Parker*, 148 Kan. 474, 83 P. 2d 709, dealing with the rule that a judgment against a party sued as an individual is not an estoppel in a subsequent action in which he sues or is sued in another capacity or character. We have no quarrel with those decisions. However, they are not decisive of the present issue. The principles there announced are applied to factual situations entirely different from the one existing in the case at bar. It does not appear from an examination of the opinion in either case that the appellate court was required or gave consideration to the right of a party to have a judgment opened up by reason of the provisions of G. S. 1935, 60-2530, under the conditions and circumstances here involved.

Having determined that appellee was not entitled to an order opening up and setting aside the original judgment in a proceeding instituted under the provisions of G. S. 1935, 60-2530, the question whether it had a full defense to the action becomes of no consequence and is not subject to review. It necessarily follows the trial court's action in giving it consideration and in rendering the second judgment should be vacated and set aside.

The judgment opening up and setting aside the original judgment is reversed. The judgment rendered by the trial court subsequent to its action in that regard is set aside and vacated.

HOCH, J., not participating.

BURCH, J. (dissenting): With regret I realize that I cannot concur in the majority opinion. Of course, the able author of the court's opinion cannot be criticized for having made an earnest effort to justify a conclusion which, in my opinion, is incorrect. Although I have sincere respect therefor, I am unable to follow the legal logic in the opinion. As I read the record in this case, the First National Bank in Wichita, in its capacity as trustee, was not named as a party defendant even though an abstract of title would have disclosed that it had acted in such capacity in executing oil and gas leases on its trustee interests in the property. It appeared later in its capacity as trustee and asserted such fact when it filed an application to open the judgment. Consequently, no service, personal or by publication, was obtained upon the First National Bank in Wichita, as a named trustee. The only service which was had upon any trustee was the service by publication upon The National Bank of Commerce, trustee, and its unknown successors, trustees and assigns. Later it developed that the First National Bank in Wichita, as trustee, was the once unknown successor and assignee of the trustee responsibilities of The National Bank of Commerce, trustee, but it should be noted again that no service was had upon it in any capacity other than service by publication. As a result, the First National Bank in Wichita, as successor trustee, acquired the rights of any other defendant trustee upon which or whom service had been had only by publication. It follows that the First National Bank in Wichita, as trustee, had the right to open the judgment under G. S. 1935, 60-2530. To hold otherwise would require us to conclude that an individual or a corporate entity, when sued in some capacity, other than a representative capacity, is nevertheless bound in a representative capacity. Such is not the law as I read it.

The rule in this state, and in many other states, is that where a party sues or is sued in his individual right, the judgment rendered for or against him is not operative or binding in a subsequent action brought by or against the same person in a representative capacity. The question involved was given extended consideration in the case

of *Loan Co. v. Essex*, 66. Kan. 100, 71 Pac. 268. Such opinion develops with conclusive clarity the reasons for the rule. In deference to brevity I shall not quote extensively from it. Its applicability to the present case can be seen at once from its syllabus, which reads:

"A default judgment rendered upon publication service against the 'Farmers Loan and Trust Company,' purporting to bar the lien of a mortgage assigned of record to the 'Farmers Loan and Trust Company, Trustee,' is not binding on the 'Farmers Loan and Trust Company, Trustee.'"

The rule was more recently recognized in *Phillips v. Parker*, 148 Kan. 474, 83 P. 2d 709, and I am unable to distinguish with legal consistency the present case from the cited cases even though the facts, as usual, are not exactly the same in all three cases. The legal principle applicable to the instant case has been held controlling in similar circumstances in many states. An apt statement of it will be found in *Sonnenberg v. Steinbach, et al.*, 9 S. D. 518, 70 N. W. 655, from which the following is quoted:

"Having been sued as individuals, their individual right to the property was alone involved, and defendants were not required to voluntarily appear and answer in the capacity of trustees." (p. 519.)

(See, also, 30 Am. Jur. 956, § 224, and 54 Am. Jur. 488, § 632.)

The majority opinion emphasizes that the First National Bank in Wichita filed an answer in which it alleged that it had succeeded to all of the assets, rights, property and activities formerly belonging to The National Bank of Commerce. The opinion reads:

"Obviously, one of the activities of such last named institution was the interest it had acquired as trustee under and by virtue of the mineral deed in controversy."

I am unable to find any legal significance in the point. The record discloses that the only rights which The National Bank of Commerce ever had in and to the involved property were such rights as were incident to its capacity as a trustee. Therefore, the First National Bank in Wichita succeeded only to the rights and activities of a trustee. And it should be emphasized again that it had never been personally served with summons as a trustee. As I read the majority opinion, it assumes that because the First National Bank in Wichita was personally served with summons as an institution, that necessarily it was required to determine whether it had any rights involved in the litigation as a trustee. Such an assumption cannot be correctly reconciled with the different capacity rule hereinbefore set forth. True it is that the defendant bank had actual

notice of the action but it did not have such notice in its capacity as a trustee. I cannot distinguish between actual notice under the provisions of G. S. 1935, 60-2530, and actual notice under any other statute when the legal capacity of a defendant is the controlling factor. There is never any necessity for the application of the different capacity rule except in cases wherein the representative has had actual or constructive notice in some other capacity. Also, I am unable to agree with the conclusion in the opinion which reads:

". . . it does not now lie in its mouth to say it had no actual notice of the action and thus procure an opening up of the judgment when the bank, which it concedes is the source of whatever title or interest it may have in that res, could not do so."

As I comprehend the law, any successor in interest to The National Bank of Commerce, as trustee, against whom service had been had by publication only, could have opened the judgment upon proper showing. In conclusion, I should observe also that the result which may follow from the majority opinion may be fundamentally unjust. If the possible rights of the many beneficiaries of the trust, who were not made parties to the action, will be extinguished by reason of the court's decision, such a result will follow from extending the language of, or giving a strict construction to, the involved statute. No wording in the statute necessitates nullification of the different capacity rule but the court's opinion, in effect, so construes it. For years this court has been holding, "Our statute (R. S. 60-2530), . . . is remedial in its nature, and should be liberally construed in the furtherance of justice." (See *Withers v. Miller*, 140 Kan. 123, 34 P. 2d 110, 104 A. L. R. 692, and cases therein cited on page 126.)

The order of the district court setting aside the original judgment should be affirmed.